ALBANY,
Jan. 1832.

Spoor
v.
Holland.

SPOOR *vs.* HOLLAND & HARLOW.

If a constable sues a stranger for taking goods seised by virtue of an execution, the production of the execution without the judgment is sufficient to support the action.

In *trover*, a party having the *special property* in a suit against the *general owner*, or one claiming under, is entitled to recover only the value of the special interest.

*It seems,* in an action by an officer for the taking of goods levied on by him by virtue of an execution, that his endorsement upon the execution of the property levied upon, is proper evidence to identify such property.

THIS was an action of trover, tried, at the Monroe circuit in March, 1830, before the Hon. ADDISON GARDINER, one of the circuit judges.

The plaintiff claimed to recover the value of a quantity of brick alleged to have been levied upon by him as a *constable*, by virtue of two justices' executions, one against *V. H. Freeman,* and the other against *Freeman* and *W. B. Guernsey.* In the summer of 1829, Freeman and Guernsey made a quantity of brick, in the brick yard of one Baker, and drew about 16,000 from the kiln to the village of Rochester, leaving about 60,000 at the kiln. The plaintiff produced a justice's execution against Freeman and Guernsey, for $19,68, upon which there was an endorsement in the hand writing of the plaintiff, in these words : " By virtue of the within, I have levied on a quantity of brick, the joint property of both defendants, 15th August, 1829;" and also produced another execution against Freeman alone, for $49,87, on which there was an endorsement also in the hand writing of the plaintiff, in these words : " By virtue of the within, I have levied on 23,500 brick in the kiln at Clark Baker's, yard, 26th August, 1829," ' signed, J. Spoor, Const.' which executions, with their endorsements, were read to the jury. The defendants insisted that the plaintiff ought to shew the judgments on which the executions purported to have issued, but the judge ruled it was unnecessary to do so. On the day of the levy made by the defendant on the 15th August, he told a witness he was then on his way to Roches-

ter to levy on the 16,000 brick which had been removed from the kiln : this evidence was objected to,. but received by the judge as part of the *res gesta*. Subsequently, however, and before the removal by Holland, the plaintiff went to the place where the 16,000 brick lay, and offered them for sale at public vendue, but adjourned the sale for want of bidders. *Holland* and *Harlow*, (the latter as the servant of Holland,) removed between 50 and 60,000 brick from the the kiln, 16 or 18,000 of which were afterwards sold by the plaintiff, on a third execution. The 16,000 brick in Rochester were claimed by Holland under a purchase from one Parsons ; he removed 2000 of them, and sold the residue. The defendants produced a bill of .sale from *Freeman* to *Parsons*, dated 6th July, 1829, whereby Freeman, for himself and Guernsey, sold to Parsons 120,000 brick in the brick yard of Baker, and adduced evidence in support of the sale, the validity of which was questioned by the plaintiff, as well in respect to Holland as Parsons. The judge submitted the *bona fides* of the transaction to the jury, and charged them, if they found for the plaintiff to give a verdict for the value of the brick converted by the defendants. The jury found against both defendants, with $118 damages. The defendants moved for a new trial.

*J. A. Spencer,* for the defendants. The plaintiff was bound to shew the judgments as well as executions ; as against the defendant in the process it is not necessary, but as against strangers the judgments must be produced. 2 Johns. R. 46. The declarations of the plaintiff, of his intent to levy upon the 16,000 brick, were inadmissible, and ought not to have been received ; an intent to levy is no evidence of a levy in fact. 1 Starkie's Eq. 48. The verdict is for too much ; the plaintiff was entitled to recover, if at all, only to the value of his *special property*, 7 Cowen 670,681, n., which, in this case, was about $70, whereas the verdict is for $118. Harlow acting merely as the servant of Holland, should have been acquitted ; and at all events, was answerable for only one parcel of the brick.

*M. T. Reynolds,* for plaintiff. In trespass all are principals ; the jury, therefore, were warranted in finding both defendants

guilty. The declarations of the plaintiff were properly received as part of the *res gesta ;* but if not, it was shewn that the plaintiff exercised dominion over the brick previous to the conversion by Holland. The property was bound from the delivery of the process, and a levy will be presumed. 19 Johns. R. 345. Proof of seizure was enough, without producing the judgments. 6 Johns. R. 195. If seizure is sufficient as against the party, *a fortiori* it is enough against a stranger. The verdict cannot be objected against as it respects its amount ; that should have been seen to at the trial.

*Spencer,* in reply. The case in 6 Johns. was that of an officer in possession, and is not at variance with the case in 2 Johns.

*By the Court,* NELSON J. The judge decided correctly, that it was not incumbent upon the plaintiff to produce the judgments on which the executions had issued, under which he acted. 6 Johns. R. 195. 7 id. 32. It is objected that the evidence of the plaintiff's declarations was inadmissible to shew a levy upon the 16,000 brick. The endorsement on the execution merely stated a levy upon a quantity of brick, the joint property of the defendants, without specifying the place where they were found. The brick belonged to the defendants, and were subject to the execution, and the officer once offered them for sale, but postponed the sale for want of bidders. The officer might have amended his endorsement of levy so as to have identified the brick, which he should have done. Strictly, the declarations were perhaps inadmissible ; but I think there was sufficient evidence to authorize a jury to find the levy, independent of the declarations of the plaintiff.

The joint taking of one parcel of brick was sufficiently proved, and we are bound to presume the jury found only for that parcel, as the verdict is against both defendants. The judge erred in directing the jury to find for the plaintiff the value of the brick converted by the defendants to their use. He could recover only the amount of the executions. The verdict must be reduced to that sum. The judgment should be entered for $81,30.