## BROWNELL *vs.* HAWKINS.

4    491
59h   292

Where property is delivered by the owner, to a creditor, in security for a debt, and an instrument is executed by the debtor by which he agrees that if he does not return by a certain time, to pay the debt, the creditor may dispose of the property to pay the demand, this is a *pledge* of the property, and not a *mortgage.*

The creditor, in such a case, has only a special property in the goods, as a pledgee; and in an action of trover for the same, against a third person, connecting himself with the general owner, the pledgor, and deriving his title from him, the pledgee is only entitled to recover the amount of the debt to secure the payment of which the goods were pledged.

A pawnee of goods does not acquire an absolute title simply by a failure of the pawnor to pay the debt, or redeem the property, at the time specified. His interest is a special property, to retain the goods for his security. There is no forfeiture until the pawnor's rights are foreclosed.

ERROR to the Chautauque common pleas. The action was trover, by Mrs. Hawkins against Brownell, to recover the value of certain marble. She claimed title under an instrument substantially as follows : " This is to certify that I hereby agree to deliver to Mrs. Elizabeth Hawkins of, &c. nine pieces of marble now lying in a room occupied by the subscriber and owned by John T. Borden of said village, in security for a certain account against said subscriber by the said E. Hawkins of the place aforesaid. The condition of the above is to be understood as follows, viz. that if the subscriber does not return to pay said demand by the first day of May next, that the said Mrs. E. Hawkins shall dispose of said marble to the paying of the said account. It will be further understood that the said marble shall be subject to the rent claimed by said John T. Borden at the rate of $20 per annum. Fredonia, Feb. 13, 1844.

[Signed]    W. VAN VECHTEN."

At the time this instrument was executed and delivered, the marble was in a shop near Mrs. Hawkins, and Van Vechten delivered her the possession by delivering to her the key of the shop. The defendant took away a part of the marble in June

Brownell v. Hawkins.

and the remainder in July. Van Vechten assisted him in loading, the last time. The defendant Brownell claimed the marble by virtue of a chattel mortgage, dated April 16, 1844, executed in the name of Wm. Van Vechten, by Abraham Van Vechten, agent. William subsequently ratified the act of Abraham, in giving the mortgage. This mortgage described the property as " eighty feet of marble," without any designation of place, or other description. It was filed in the town clerk's office, April 17, 1844, and the instrument given to Mrs. Hawkins was filed in the same office, May 8th. On the trial, the defendant offered to prove that the debt owing by Van Vechten to the plaintiff did not exceed $30. To this the plaintiff objected, and claimed the right to recover the full value of the marble. The court rejected the evidence, and the defendant excepted. The defendant's counsel requested the court to charge the jury, 1. That a disposition of the marble by way of public or private sale, by the plaintiff, was a condition precedent to her becoming the absolute owner of it. 2. That the plaintiff could only recover to the extent of her account, to secure the payment of which she took a lien or claim on the marble. The court refused so to charge, and the defendant excepted. The court instructed the jury to find for the plaintiff the value of the marble; and they rendered a verdict for $78,11.

C. Tucker, for the plaintiff in error.

B. F. Green, for the defendant in error.

By the Court, MARVIN, J. The instrument executed by Van Vechten to Mrs. Hawkins was not a mortgage. It, together with the delivery of the marble, constituted a pledge only. There are no words of sale in the instrument, nor any words from which it can be inferred that he intended to transfer to her the title to the property, either absolutely or conditionally. It contained, when accompanied by the delivery, all the requisites of a pledge. The property was *delivered* in se-

Brownell *v.* Hawkins.

curity for a certain account, and if Van Vechten did not return by a certain time, to pay the demand, then Mrs. Hawkins was to dispose of the marble to pay the account. Here was a power given to the pledgee to make the amount of the account by a sale of the property publicly or privately, fairly conducted, not by an absolute appropriation of the property to herself. A mortgage is a sale of goods, with a condition that if the mortgagor performs some act it shall be void. If the condition is not performed the goods become the absolute property of the mortgagee. (8 *John. Rep.* 96. 7 *Cowen,* 290. 9 *Wend.* 83.) Before the happening of the contingency, upon which the title is to be defeated, or become absolute, the possession of the goods may be in the mortgagor or the mortgagee. In the case of a pledge, the property must be delivered to the pawnee. This is of the very essence of a pledge. The case of *Langdon* v. *Buel,* (9 *Wend.* 80,) cited by the counsel for the defendant in error, is not like this case. There was no delivery in that case, and the doubt was whether the language of the instrument created a mortgage. It recited the giving of notes for the property previously sold by the mortgagee to the mortgagor, and then, for the purpose of securing the payment of the notes, it declared, "I hereby pledge and give a lien" upon the property. It provided that the property should remain in possession of the mortgagor until the time for the payment of the notes, and in case they were not paid, then the mortgagee might take the property. This was held to be a mortgage. The word pledge was not used in a technical sense ; and on the failure to pay the notes, Langdon, the mortgagee, was at liberty to take the property absolutely, not by way of security as a pledge.

A pawnee of goods does not acquire an absolute title simply by a failure of the pawnor to pay the debt or redeem the property at the time specified. His interest is a special property to retain the goods for his security. There is no forfeiture until the pawnor's rights are foreclosed. (*Cortelyou* v. *Lansing,* 2 *Caines' Cas. in Error,* 200. 8 *John. Rep.* 97. 10 *Id.* 472. 12 *Id.* 146. 1 *Powell on Mort.* 3. 2 *Kent's Com.*

577, 5th ed. 4 Id. 138.) It follows that the plaintiff below had only a special property in the marble, as a pledgee, not an absolute property as a mortgagee after forfeiture; and under the circumstances disclosed, she was only entitled to recover the amount of the account to secure the payment of which the marble was pledged. The title of Brownell is now attacked on the ground of the uncertain description of the property in his mortgage. It is alleged that the mortgage is void for uncertainty. It is not necessary to consider this question with a view of ascertaining the effect upon the rights of the parties as to the amount of recovery; for however this may be, the defendant connected his title or right with Wm. Van Vechten, the pledgor. He delivered a part of the marble to Brownell. He consented to his taking it, and Brownell thereby acquired all his rights. If Brownell had been a naked trespasser, acting in violation of the rights of Van Vechten, then the plaintiff, as the bailee of the property, would be permitted to recover the full value of the property; and after indemnifying herself she would hold the remainder of the recovery in trust for Van Vechten, the pledgor. But where the defendant connects himself, in an action of trover, with the general owner, as he has in this case, the plaintiff can only recover to the extent of her special interest in the property. (*Spooner* v. *Holland*, 8 *Wend.* 445. *Ingersoll* v. *Van Bokkelin*, 7 *Cowen's Rep.* 670 *and note.*)

The court erred in rejecting the evidence offered, to show the amount owing by Van Vechten to the plaintiff, and also in the instruction to the jury.

The judgment of the common pleas must be reversed and a venire de novo awarded.

Judgment reversed.