## MARILLA CHAMBERLAIN *vs.* ALONZO F. NEALE & another.

One who has hired a house and furniture for a certain time under an agreement to furnish the owner with his board upon receiving therefor, in addition to the use of the house and furniture, a stipulated sum a week, payable at the end of each week, does not rescind the contract by refusing to furnish him with meals while he refuses to pay the stipulated sum each week; and may maintain an action of tort against him for the conversion of the furniture, if he thereafter, during the continuance of his own default, removes it from the house.

TORT for the conversion of certain articles of furniture.

At the trial in the superior court, before *Morton*, J., the plaintiff introduced evidence tending to show that she hired of Griswold F. Adams, one of the defendants, a furnished house in Boston, for one year from April 11th 1861, upon these terms: That he should reserve three rooms for himself and family, and she should furnish them with board, and he should pay her, in addition to the use of the house and furniture, two dollars a week, payable at the end of each week; that in September 861 she demanded of him the balance due to her, at the above rate, after deducting the value of some family stores which she had received from him at the time of taking possession of the house, and he refused to pay the same; that in November following, he having continued his refusal to pay, she refused to

furnish any more meals for him and his family, and they accordingly took lodgings elsewhere; and that in December he and the defendant Neale, who was an officer, entered the house and removed the furniture, Neale having a writ of replevin against the plaintiff's son.

The defendants introduced evidence tending to show that the agreement of Adams was not with the plaintiff, but with her son; that he was not to pay until the end of the year; that he never refused to make payment to her; and that at the time when she refused to furnish meals nothing was due to her.

The defendants presented various requests for instruction, the substance of which was that the plaintiff had mistaken her remedy, and could not maintain this action against the owner for the conversion of his property; that her refusal to furnish meals terminated the contract; and that at any rate she had no right so to refuse until after it had been ascertained by a settlement between her and Adams that he was indebted to her. The judge declined to give these instructions, and instructed the jury that, if the interest of the plaintiff in the house and furniture had been terminated at the time of the taking of the furniture by the defendants, she could not maintain this action; that if the jury were satisfied that Adams agreed to pay two dollars per week at the end of each week, and refused to pay it when due, and that for this cause the plaintiff refused to board him and his family while he withheld the payment, and was ready and willing to board him and his family upon his so paying, such refusal would not be a rescission of the contract, and would not prevent the plaintiff from maintaining this action; but unless the plaintiff satisfied them that at the time she refused to furnish him with board something was due from him under his contract, then such refusal was wrongful, and he might rescind the contract and resume possession of the house and furniture, and this action could not be maintained.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. F. Pickering*, for the defendants.

*A. A. Ranney*, for the plaintiff.

CHAPMAN, J. The lease of the furniture to the plaintiff gav? her a special property in it, and a right to the possession of it For a violation of this right by the general owner she may maintain an action of tort. *Roberts* v. *Wyatt*, 2 Taunt. 268. *Spoor* v. *Holland*, 8 Wend. 445. Under the instructions of the presiding judge, the jury must have found that at the time when the officer took the property her right of possession had not terminated. If, in order to entitle himself to be furnished with his meals under the contract, it was the duty of Adams to advance a certain sum of money to the plaintiff, and he refused on request to furnish the money, the refusal of the plaintiff to furnish the meals so long as he thus refused would not be a violation of the contract on her part, and would not authorize him to treat it as rescinded. The jury must have found that such was the contract, and that he had not kept it on his part. The instructions were therefore sufficient, and the defendants were not entitled to the instructions prayed for.

*Exceptions overruled.*