Allen, J.
Had the plaintiff applied to the court, upon affidavits disclosing the questions to be litigated, for leave to bring an action upon his judgment under section 71 of the Code, it would have been granted.
The denial of this motion for leave to issue execution was no hindrance to an application for leave to sue; and that, rather than an appeal to this court, was the proper remedy for the plaintiff. It was not a case for the determination of the questions of fact and of law involved upon a summary application of this character, and the Superior Court very properly refused the leave asked; but the denial of this application did not and could not definitively determine the rights of the parties, or preclude the plaintiff from his remedy by action.
*407 The action was upon contract for the recovery of money only, and was so treated by the plaintiff in his summons served without a complaint, and which was in the form prescribed by the Code, section 129, subdivision 1, and also in taking judgment upon an assessment by the clerk, as authorized by section 130, in actions arising on contract for the recovery of money only.
The complaint contains allegations of fraud, which if properly verified would have justified an order of arrest. (Code, § 178.) lío such order was obtained before judgment, and it is now too late. The plaintiff has waived that remedy, and the fraud so far as it affects his rights under the statutes of this State to an execution against the person. (Elwood v. Gardner, 45 N. Y., 349.)
The alleged fraud is entirely eliminated from the case, so far as the rights and obligations of the parties depend upon the laws of the State. The defendant , is not concluded by the judgment from contesting the allegations of fraud. They were not the foundation of the judgment, and as the complaint was not served with the summons, and there was no appearance of the defendant, their truth was not admitted. It is true that the defendant controverts the regularity of the judgment on the ground that an issue was joined in the action, but upon this appeal the plaintiff is estopped by his record from alleging that there was any appearance by the defendant or copy complaint served on him.
Aside from the provision of the United States bankrupt act, and any rights that depend upon that act, the right of action for or remedy by reason of the fraud would be regarded as merged in the judgment. (Bangs v. Watson, 9 Gray, 211; Besley v. Palmer, 1 Hill, 482; Suydam v. Barber, 18 N. Y., 468; Goodrich v. Dunbar, 17 Barb., 644.) The claim of the plaintiff is, that under the United States bankrupt act of 1867, which in section 33 declares that no debt created by the fraud of the bankrupt shall be discharged under the act, he may go behind the judgment and show that *408 the debt for which it was recovered was created by the. fraud of the debtor, and thus-avoid the effect of his discharge in bankruptcy, and have execution upon his judgment, notwithstanding the discharge. Several cases are cited in support of the claim. :
I have not deemed it necessary to examine those cases, for the reason that the question is not legitimately before us, and cannot be determined in this proceeding. In one case referred to (In re Patterson, 2 Benedict’s R., 155), the fraud was held to be established by the judgment itself. The judge ' very properly said that it would be against good sense to hold that the recovery'of a judgment,, in an action where'the "gravamen of the complaint was fraud, condoned' that very fraud, and so merged the original claim that the" jiidgrriéñt could not be said to be a debt created by fraud. In re Suydam (6 Int. Rev. Record, 61) was like to the case of Patterson in this, that the fiduciary character of the debt was established by the judgment. The same remark applies to Whittaker v. Chapman (3 Lansing, 155), the only difference being that in the latter case, the defendant sought to avail himself of his discharge as a defence to the action brought to recover a debt created in "a fiduciary character. These decisions come far. short of the claim ,of the plaintiff, and whether it can be sustained upon principle or. authority need not be further considered. It suffices for the disposal of this appeal, , that the fraud is not necessarily and conclusively "established by the judgment or admitted by the default of the defendant, and is denied by the defendant upon his oath, thus raising an issue of fact proper to be tried by a jury, and which the court ought not, except in a very clear casé, to decide upon a motion ■ and upon conflicting affidavits.
' The allegation of a new promise after, the discharge, is also denied, and the denial is to some extent corroborated by" the affidavits of third persons, and the preponderance of the . proof upon this point is with the defendant upon the papers before us.
It may well be doubted whether a new promise would give *409 a right to an execution on the judgment, or whether the plaintiff could avail himself of it except by action on the judgment.
Upon both the grounds suggested by the plaintiff in support of his application there is a conflict in the affidavits, and neither can as well be decided by the court upon ex parte affidavits, as by a jury in an action upon the judgment upon , the oral testimony of the witnesses, and in such an action the facts should be determined and the court can then understandingly pass upon the legal questions that may be involved.
The decision of the court below was right, upon the merits; but as it was discretionary with that court whether to give the leave asked, even if ay> rima facie right had been established, or to leave the party to his remedy by action, the appeal should be dismissed.
All concur.
Appeal dismissed.