## VON RHADE v. VON RHADE.

*Pleading — action for divorce — complaint — affidavit and order for publication — service by mail — default — judgment.*

A complaint, in an action for divorce, alleged that the plaintiff was an inhabitant of this State, and had been so from the 10th of September, 1872, and then charged the defendant with acts of adultery committed between the 1st of January, 1870 and 1873. *Held,* that the averment was sufficient to constitute a proper cause of action for the consideration and action of the court, under the act of 1862 (Laws of 1862, ch. 246, § 1), and that conferred jurisdiction over the subject-matter of the action.

An affidavit for obtaining an order for publication, which states that the defendant cannot be found within the State, although due search has been made for him, and that he is a resident of Berlin, Prussia, fails to comply with the requirements of the Code (§ 135) if it does not show what efforts have been made to find the defendant. But the defect will not deprive the justice of the power to make the order.

An order for publication directed that the summons in the action should be published, and the copy summons, recited in the published order as being annexed, was not the summons which the order required to be published, but one requiring the defendant to appear and answer in six instead of twenty days. *Held,* that the fact that the order recited that a copy of the summons was annexed, when in fact it was not, in no manner qualified the direction or rendered it invalid.

An order for service by mail required copies of the summons and complaint to be directed to the defendant at his place of residence, "Berlin, Germany." The direction was to him at the "Union Club, Berlin." *Held,* that, as the affidavit stated that this was his place of residence, it showed a substantial compliance with the order.

Jurisdiction of the person of a defendant having been acquired, it is not lost by the premature entry of his default, and a reference of the action for the purpose of taking the proofs.

Where the plaintiff in a divorce suit had, on the faith of the judgment therein, married an innocent third person: *Held,* that the judgment should be allowed to stand for their protection, until it should appear that the plaintiff had no right to the relief it had provided for her.

APPEAL from an order denying motion to set aside judgment in an action brought for a divorce.

On the 10th March, 1873, the plaintiff exhibited her complaint for a divorce *a vinculo,* alleging that she was married to the defendant in 1865, at Berlin, in Prussia; that since September 10th, 1872, she has been an actual inhabitant of this State; and charging the

defendant with having at a certain house in Berlin, at divers times, since January 1, 1870, committed adultery with a certain person therein named. The complaint was filed March 12, 1873.

On the 11th March, 1873, upon an affidavit of the plaintiff that the defendant cannot, after due search, be found within this State, "and is in fact a resident of Berlin, in the Empire of Germany, where he now actually resides," an order was made "that the summons herein, a copy whereof is hereunto annexed, be served by publication, and that a copy of the summons and complaint be forthwith deposited in the post-office, directed to said defendant, at his said place of residence." The summons thus annexed to the order of publication requires the defendant to answer within *six days*.

The first publication of the summons was made on the 13th of March, and required the defendant to answer within *twenty days*. A copy of the summons and complaint was deposited in the post-office on the 12th of March, 1873, directed to "Adolph von Rhade, *Union Club*, Berlin, Prussia."

According to the summons, *as published*, the time to answer did not expire till after the 14th of May, 1873. The affidavit of no answer was made on the 13th of May, and on the 14th an order of reference was made, reciting service of the summons and complaint, by publication, more than twenty days before, and that no notice of appearance, answer or demurrer had been put in.

The only evidence tending to show adultery on the part of the defendant related to alleged acts of his committed on the 22d, 23d and 29th March, subsequent to the exhibiting and filing the complaint.

Judgment of divorce was rendered, on the report of the referee, on June 2, 1873.

Upon the record, an affidavit of Mr. Burke, and the petition of the defendant made and verified at Berlin, 12th July, 1873, stating that he "had never received any notice whatever of a bill for divorce having been filed against him;" the defendant, on the 12th August, 1873, appearing by attorney, "for the purpose of this motion only," moved the court, at special term, to vacate the judgment as void, for want of jurisdiction, or else for an order to open the judgment, and allow the defendant to answer and defend.

On the 17th of October, there was made an order to show cause why the plaintiff should not be allowed to annex to the judgment roll a

certain summons, which, it appeared, was one of three prepared
by the plaintiff's attorney, on the 12th March, 1873, for publication
and mailing. This order was served on the attorney, who had only
specially appeared for the motion to vacate the judgment, and was
returned to the plaintiff's attorney on that ground.

On the 19th of November, 1873, an order was entered, allowing the
plaintiff to amend the judgment roll, by annexing the said summons
thereto ; also that the order of reference of May 14th, be entered
*nunc pro tunc*, as of May 15, 1873 ; also denying motion to vacate
the judgment, but allowing the defendant to come in and defend on
terms.

From this order both parties appealed ; the defendant from the
whole and every part thereof, and the plaintiff from so much as
allows the defendant to make a defense to this action.

*Theodore Aute*, for plaintiff. As the judgment was not held
void, the defendant should not have been allowed to defend. Under
the Code (§ 135), if a judgment of divorce against a non-resident be
regularly obtained, there is no power to open it as a matter of favor.
The court had a right to receive the evidence of acts committed
after the commencement of the action, as evidence of a continuing
illegal cohabitation, running back so as to cover the time alleged in
the complaint. 2 Greenl. Ev., § 57 ; 20 Ala. (N. S.) 65 ; 13 id. 172 ;
101 Mass. 111 ; 30 L. S. (N. S.) 12 How. 945 ; 1 Edm. Sel. Cas. 107 ;
20 N. J. Rep. (5 E. E. Green) 211 ; 35 N. Y. 215 ; 2 Hag. Sons. 223.

*Salomon & Burke*, for defendant. 1. The court should have
vacated the judgment, because it had never obtained jurisdic-
tion over the defendant. The judgment was void. *Hallett* v.
*Righter*, 13 How. 43 ; *Cook* v. *Farmer*, 12 Abb. 359 ; *Wortman*
v. *Wortman*, 17 id. 66. As to the address: Code, § 135 ; *Hyatt*
v. *Wagenright*, 18 How. Pr. 248. 2. The judgment should have
been set aside, because the order of reference was prematurely
made. Code, §§ 135 and 425. *Brod* v. *Heymann*, 3 Abb. (N. S.)
396 ; *Richardson* v. *Bates*, 23 How. 516 ; *Brooklyn Trust Co.* v.
*Bulmer*, 49 N. Y. 84. The court should have vacated the judgment,
because there was no evidence to support it. Acts subsequent to
the filing of the complaint could not have that effect. *Ferrier* v.
*Ferrier*, 4 Edw. Ch. 296.

DANIELS, J. The motion, on the hearing of which the order appealed from was entered, was made upon the ground that the plaintiff's proceedings, taken for the purpose of commencing this action, were so defective as to render the judgment pronounced void for want of jurisdiction. By the complaint in the action, a case was presented which was within the jurisdiction of the court, as that was at the time regulated by statute. For it was alleged that the plaintiff was at the time of its presentment an inhabitant of this State, and had been so from the 10th of September, 1872, and then charged the defendant with acts of adultery committed between the 1st of January, 1870 and 1873. By the act of 1862, jurisdiction was conferred upon this court to decree a divorce on the ground of adultery, when the injured party at the time of the commission of the offense, and at the time of exhibiting the complaint, shall be an actual inhabitant of the State. Laws of 1862, chap. 246, § 1. The averment made was sufficient to constitute a proper cause of action for the consideration and action of this court, under this statute. And that conferred jurisdiction over the subject-matter of the action.

The affidavit on which the order was made for the publication of the summons stated that this complainant was here, and that the defendant could not be found within the State, although due search had been made for him ; and that the defendant was a resident of Berlin, in the Empire of Germany, where he then actually resided, to the knowledge of the plaintiff, who swore to it. This was sworn to on the 10th of March, 1873, and the order directing the publication of the summons was made on the following day. This affidavit was materially defective in its failure to conform to the requirements of the Code, providing that an order for the publication of the summons shall only be made when it shall be made to appear by affidavit, that the person on whom the service is to be made cannot, after due diligence, be found within the State. Code, § 135. It did not show what efforts had been made to find the defendant. That fact is required to be shown, because it does not follow that a non-resident may not, by diligent search, be still found within the State, and personal service made of the summons upon him. And where, by diligent effort, that may be done, the law does not allow service to be made by publication.

But the defect was not of so serious and important a nature as to deprive the justice who made the order of the power of making it,

For, from the statement that the defendant was, at the time when the affidavit was made, actually residing in 'Berlin, he could infer that no diligence could result in the personal service upon him. At least the inference deduced from the statement of that fact would not be so entirely unsupported as to be without colorable evidence to sustain it. And where. that is the fact, a case of simple error is shown and not an absence of jurisdiction. Where a court or officer ·has such a degree of evidence before him as fairly to require the exercise of judgment upon its weight and effect, an erroneous conclusion simply renders his act voidable but not void. That was the nature of the proof which was supplied by the plaintiff's affidavit, and it was sufficient to sustain the validity of the proceedings as long as no order has been made setting them aside. The rule upon this subject has been declared in the following terms: "When the proof has a legal tendency to make out a proper case, in all its parts, for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose. *Miller* v. *Brinkerhoff*, 4 Denio, 118, 120. *Staples* v. *Fairchild*, 3 N. Y. 41, 46.

But it is claimed that the order, in its direction, wholly failed to conform to the provisions prescribed upon that subject by the Code, inasmuch as the copy of the summons annexed to it required the defendant to appear and answer in six, instead of twenty days. That, however, was not the summons which the order required to be published. For the direction was, that the summons in the action should be published, and the fact that the order recited that a copy of it was annexed, when in fact it was not, in no manner qualified or rendered that direction invalid. The recital was manifestly erroneous, and as it was in ·no sense controlling upon the direction given for the publication, and was followed by publication of the summons in the action, no injury resulted from this informality.

The affidavit showing the mailing of a copy of the summons and complaint to the defendant, under the order, states that it was a copy of the summons and complaint in this action. And from that it may be inferred, that an accurate copy of the summons in the suit accompanied the copy complaint mailed.

This affidavit does not show a strict compliance with the order of publication in the address of the papers mailed. That required the copy to be directed to him at his said place of residence, referring,

of course, to the statement contained in the affidavit, showing that to be Berlin, in the Empire of Germany, while the direction actually given the package addressed it to the defendant at the Union Club, Berlin. But as that is followed by the general statement in the affidavit, that it was his place of residence, it did show a substantial compliance with the order. This statement is in no way inconsistent with the plaintiff's statement of the defendant's residence, in her affidavit, for if his residence was as the attorney's affidavit states it, then both affidavits are literally true. And it does not follow that he did not reside, at the time when the copy summons and complaint was mailed to him, at the Union Club, because, at a later period, his residence was in a different part of the city of Berlin. This defect, if it can be properly said to be one, in no way prejudiced the defendant, and for that reason it may be disregarded. Code, § 176.

The proceeding already mentioned resulted in such a commencement of the action as to confer jurisdiction upon the court, for the purposes of the action, over the person of the defendant. For the additional fact was shown that the summons in the action was properly published during the period specified in the order, and jurisdiction having been acquired, it was not lost by the premature entry of the defendant's default and the reference of the action for the purpose of taking the proofs. That was an inexcusable irregularity, indicating gross inattention to the condition of the proceedings, on the part of the plaintiff's attorney. But it did not divest the jurisdiction over the person of the defendant already acquired by the preceding proceedings. The rule upon this subject was stated by Justice INGRAHAM as follows: "In such a case any departures from the statutory provisions regulating proceedings before judgment are only irregularities, which may be waived by the parties, and which do not affect the validity of the judgment, if such judgment should finally be rendered according to law. Or, in other words, a want of jurisdiction can never be alleged as to the interlocutory proceedings in an action, where the court has obtained jurisdiction originally and renders the proper judgment in the cause." *D'Ivernois* v. *Leavitt*, 8 Abb. 59, 62; and the same principle in substance was affirmed in *Schaeltler* v. *Gardiner*, 7 N. Y. 404.

Although the default was entered, and the reference ordered, before the plaintiff was entitled to a direction for either, the reference itself did not proceed until the time arrived when the order could be law-

fully executed. The object of the reference was to take the plaintiff's proof, on which an application could afterward be made for judgment in the action. It was taken for the purpose of enabling the court, not the referee, to pronounce judgment, and might have been taken by the court itself. Regularly it could not be directed to be taken until it was seen whether a defense was to be made or not. But the omission to delay the direction until that time could not divest the jurisdiction which had already been acquired of the person of the defendant. The order directing the reference to proceed was irregular; but, when it did proceed, the defendant had made default, and the proof could be properly taken. But, assuming that it was irregularly taken, it did not invalidate the judgment afterward ordered upon it by the court, for the evidence was regularly submitted to the court, at a term held for such purposes, and it was of such a nature as to require judicial action upon it.

It is true that the evidence, as it was taken, was in itself defective, because it was not confined to the misconduct of the defendant alleged in the complaint, and it also failed to state the fact that the plaintiff was an actual inhabitant of the State when the complaint was established, and the offense proved was committed. To admit the proof of the misconduct established strictly required a supplemental complaint. Code, § 177. But the pleading and the proof together, presented the point for the consideration and decision of the court, and that, in effect, was held not to be necessary in the disposition which was made of the case. This was no doubt an error, but a mere error could not render the judgment affected by it invalid. It would still, as long as allowed to stand, have the force and effect of a judicial determination between the parties, and it could only be set aside by some direct proceeding involving the review of the error.

As to the fact of inhabitancy the case was not entirely unsustained, because the complaint and the affidavit on which the order of publication was made were both verified within this State by the plaintiff, on the 10th of March, 1873, and she appears to have also been in this State when the order of reference was executed. From these circumstances, the court could properly infer that she was an inhabitant of this State when the complaint was filed, and also through the month of March, 1873, when the defendant's misconduct was shown to have occurred.

The proceedings in the action abound in defects and irregulari-

ties, but they were none of them of so serious a character as to deprive the court of power to pronounce judgment. Ordinarily, they would require the court, in the exercise of its discretion, to set aside a judgment, for the purpose of leaving the defendant at full liberty, unaffected by its entry, to defend the action. But it is not essential to the security and protection of the defendant's rights in the action, that the relief afforded should be so far extended. He can fully defend himself if the plaintiff has no just cause of complaint against him, or if he has any lawful defense against her charges, by simply giving him unqualified leave to answer, and in the meanwhile allowing the judgment to remain undisturbed. That relief he clearly ought to have, under the circumstances, but as the plaintiff, on the faith of the judgment, has married an innocent third person, the judgment should be allowed to stand for their protection until it shall appear that the plaintiff has no right to the relief it has provided for her. The order appealed from should be accordingly so far modified as to allow the defendant the same liberty to answer as he had before the period for answer expired. And in order to give him the full benefit of this modification, as he resides in a foreign country, he should have forty days time, at least, to avail himself of this liberty. As so modified, the order should be affirmed, without costs to either party, and with liberty to either party to file and serve a supplemental complaint, or an answer, as the case may be, at any time within twenty days after notice of the order.

DAVIS, P. J., concurred. DONOHUE dissents.

             *Ordered accordingly.*