COFFIN *vs.* THE CHICAGO NORTHERN PACIFIC CONSTRUCTION COMPANY, impleaded, &c.

The plaintiff was a resident of this state, and the defendant was a corporation, formed and existing under the laws of Wisconsin. The object of the action was the sale of certain bonds, delivered by the defendant as collateral security for the payment of promissory notes made by it. *Held,* that this court had jurisdiction of the action.

By the terms of the agreement under which the bonds were transferred as security, the transferees, in case of any default in payment by the corporation, were authorized to sell the bonds, at public auction, in the city of Chicago, on giving the notice specified. *Held,* that this stipulation simply conferred the right, and prescribed the mode in which a sale could be summarily made, without either expressly, or by necessary implication, excluding other lawful proceedings for the attainment of the same object.

Accordingly *held,* that the agreement did not place the security beyond the power of courts of justice to dispose of it by their judgments, for the purpose of applying the proceeds to the payment of the debt secured thereby.

*Held,* also, that the bonds having been transferred to secure the payment of negotiable promissory notes, they, as incidents of the notes, would pass to any person receiving them in the ordinary course of business; and that a holder thereof residing in another state was not bound to keep them in the city of Chicago, or return them to that place, in order that a sale of them should be made there.

Where it appeared that a cause of action existed, under the laws of another state; that the defendant (a corporation) had property within this state; that neither the corporation, nor any of its officers, could be found within this state; that the corporation had its office in Chicago; and that none of its officers resided, or could be found, within this state; *held,* that these facts were sufficient to warrant an order for the service of the summons by publication.

APPEAL, by the plaintiff, from an order vacating an order made for the publication of the summons. (*S. C., briefly reported,* 4 *Hun,* 625.)

*Edmund Coffin, Jr.,* for the appellant.

*Henry Day,* for the respondent.

*By the Court,* DANIELS, J.   There is nothing in the position taken by the counsel for the appellant, that the justice making the order for publication could not

afterwards vacate it. Orders improvidently or inconsiderately made can always, as they should, be vacated or modified by the justice making them. Besides that, the power has been expressly conferred by the Code, (§ 324.) This case must therefore be disposed of upon the point whether, upon the facts appearing, the order was properly set aside.

The respondent's counsel claims that it was, because the court has no jurisdiction of the subject-matter of the action. The plaintiff resided in this state, at the time when the action was commenced, and the principal defendant was a corporation formed and existing under the laws of the state of Wisconsin. And the object of the action was the sale of certain bonds delivered by the corporation as collateral security for the payment of promissory notes made by it. Over such an action there can be no doubt as to the jurisdiction of this court, under the general terms of the statute relating to suits against foreign corporations. (*Code,* § 427.)

By the terms of the agreement under which the bonds were transferred as security, it is stipulated, that in case the party of the first part (the corporation) shall neglect or refuse to pay said notes, above mentioned, or either of them, or any part thereof, according to their respective tenor and effect, the said parties of the second part (the plaintiff's assignors,) their heirs, executors, administrators or assigns, shall have the right to sell said bonds at public auction, in the city of Chicago, upon giving notice of the time and place of such sale, by the publication of a notice thereof in a daily newspaper published in the city of Chicago, at least thirty days prior to such sale, and also by giving to the party of the first part at least thirty days' notice in writing of the time and place of such sale. This stipulation simply conferred the right, and prescribed the mode in which a sale could be summarily made, without either expressly, or by rea-

sonable implication, excluding other lawful proceedings for the attainment of the same object. And for that reason it did not place the security beyond the power of courts of justice to dispose of it by their judgments, for the purpose of applying the proceeds to the payment of the debt intended to be paid by means of them.

In this respect it was analogous to the power of sale contained in a chattel mortgage or security by law to pledgees of personal property, which have not been considered sufficient to supersede the jurisdiction of courts of equity over such transactions, notwithstanding the fact that sales may be made summarily, on notice reasonable in its character, or in conformity to the power created, still the courts, in a proper action for that purpose, will dispose of the security by virtue of their decrees, and apply the proceeds to the extinguishment of the debt. (*Vaupell* v. *Woodward,* 2 *Sandf. Ch.,* 143, 145. *Stearns* v. *Marsh,* 4 *Denio,* 227. *Brownell* v. *Hawkins,* 4 *Barb.,* 491.)

There was nothing in the agreement creating the security by which the creditors receiving it were bound to keep the bonds in the city of Chicago. They were transferred to secure the payment of negotiable promissory notes, and, as incidents of them, would pass to any person or persons receiving them in the ordinary course of business. And from that circumstance it must have been designed that their locality might be changed in that way, and consequently that they might be lawfully found in some other place than Chicago. And in the event of such a change, no obligation was attempted to be imposed on the party entitled to payment out of the security to return the bonds to that place, in order that a sale of them should be made there.

The affidavit of the attorney of the company stated that if the bonds had been brought within this state, it had been done contrary to the agreement under which

they were delivered, and in fraud of the rights of the company. But no facts are disclosed from which it can be inferred that they were fraudulently brought into this state; and there is nothing in the agreement which could be contravened or violated by an act of that nature. The fact, on the other hand, appears to be that the note in suit was lawfully and properly transferred to the plaintiff, with the bonds placed in the hands of his assignors as security for its payment. The case made in his favor is plainly one over which this court has jurisdiction.

The order of publication was made upon the sworn complaint in the action and the affidavit of the plaintiff's attorney. And from them it clearly appeared that a cause of action existed under the laws of another state, and that the defendant had property within this state. It was then positively stated that neither the corporation nor any of its officers could be found within this state, and that the attorney had been informed by one of the defendants, and a stockholder in it, that the corporation had its office in the city of Chicago, and that none of its officers resided, or could be found within this state. That did show, as the defendant to be proceeded against was a corporation having its officers in another state, that it could not, after due diligence, be found within this state, so that service of the summons could be made upon it here, by delivering it to one of its officers. And that, with the other facts established in the plaintiff's favor, sufficiently warranted the order made for its publication.

The case was not as strong as it might have been made; but under the authorities, as well as the language made use of in the Code, it entitled the plaintiff to the order allowing the summons to be served upon the corporation by publication. (*Code*, § 135. *Van Wyck* v. *Hardy*, 39 *How. Pr.*, 392. *Von Rhade* v. *Von Rhade*, 2 *Thomp.*

& *Cook*, 491.) The order vacating that order should therefore, be reversed, with $10 costs, besides disbursements.

Order reversed.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis*, *Brady* and *Daniels*, Justices.]