### ANGELINE JONES VS. JEREMIAH HICKS.

1. REPLEVIN: *Pledge. Bailor and bailee.*

 Where goods are pledged as security for a debt, and delivered to the creditor, as bailee, to hold until the payment of the debt, and the bailor, without paying the debt, sues in replevin and obtains possession of the goods, and the value of the goods is largely in excess of the debt due the bailee, the judgment should be for the debt and interest, and not for the value of the goods.

2. SAME: *Rights of pledgee to possession of goods pledged.*

 As between bailor and bailee, in case of pledge for debt, the pledgor remains general owner of the goods, subject to the qualified or limited right in the bailee to the possession, for the purpose of effectuating the object of the pledge. On payment of the debt the entire right of the bailee in the goods would be extinguished.

3. BAILOR AND BAILEE: *Suit by a stranger for the possession of property. Judgment therein.*

 There is a distinction as to the rights of the bailee against the general owner and a stranger. In a suit against a stranger by the bailee the judgment should be for the value of the property, because the bailee is answerable over for the excess of his debt to the general owner; but in a suit between the bailee and general owner the judgment should be limited to the value of the specific interest of the bailee in the property.

ERROR to the Circuit Court of *Madison* County.

Hon. W. B. CUNNINGHAM, Judge.

For a full understanding of the principles announced, the opinion of the court sets out a sufficient statement of the case.

Errors are assigned as follows :

1. In refusing instructions asked for by plaintiff.

2. In granting instructions for defendant.

3. In rendering judgment against defendant for the full value of the property instead of amount of defendant's interest in the same.

*F. B. Pratt*, for plaintiff in error :

Defendant had the right of possession of the property by virtue of the pledge to secure a certain sum of money. Defendant's interest was a limited one—the amount of her debt with interest, and nothing more.

The judgment should have been for the return of the goods, or, in lieu thereof, the payment of the value of defendant's

interest in the goods—*i. e.*, the amount of the debt to secure which the goods were pledged. It must be apparent that the intent of the statute is that the *value* of the *interest* of the successful party should be ascertained by the jury, so that, if the property cannot be restored, full indemnity may be had for the *loss sustained* by *failure to restore* the same.

*E. J. Bowers*, for defendant in error :

The only questions in the case are the right of possession and the unlawful taking or detention. See Lloyd *v.* Goodwin, 12 S. & M., 233 ; Code of 1871, § 1532. The goods being left as a pledge to secure the debt, it was a contract between the parties, sanctioned by the law. Story on Bail., §§ 290, 299, 300, 301, 303. And the pledge may recover the possession. Ib., § 303.

The debt was never paid, neither was there a tender thereof, either before or since suit brought, by plaintiff in error to defendant in error.

The verdict by the jury and the judgment of the court are in strict accordance with the statute. Code of 1871, § 1534.

The case of Lloyd *v.* Goodwin, 12 S. & M., 233, is not applicable to the facts in this case, and if it were it has been overruled by the case of Frizell *v.* White, 27 Miss., 198. It is indispensable that the plaintiff has the right of *immediate possession,* otherwise the action of replevin cannot be maintained by statute or at common law.

SIMRALL, C. J., delivered the opinion of the court.

The great preponderance of the evidence is, Angeline Jones was indebted to Harriet Luckett $20, for the board of herself and child, and, being unable to pay, left sundry articles of wearing apparel with Harriet Luckett as security for the debt. Such was the conclusion of the jury—manifestly warranted by the evidence.

When Angeline Jones left the house of Harriet Luckett she promised to come, or send the money, in a day or two and get her clothes.

Instead of redeeming the property, as promised, on the day named for the payment of the debt she sued out a writ of replevin. The defendant not having given bond, as was her privilege, the property was delivered by the sheriff to the plaintiff. The suit was originally brought before a justice of the peace, removed by appeal to the circuit court, where it resulted in a verdict and judgment in favor of Harriet Luckett, awarding the restitution of the goods or the payment of their value, $74, as found by the jury.

The plaintiff in error does not controvert the right of Harriet Luckett to recover the goods, but insists that the verdict is wrong in assessing a value in excess of her interest in them, and that the judgment for the $74, the alternate value, is erroneous.

Harriet Luckett, by the pawn of the goods, acquired a special or qualified property in them, and a right to the exclusive possession, during the time and for the objects for which the pledge was made. Story on Bail., § 303.

The extent of her right was to hold the goods, as security for the debt of $20, until redeemed, or, if not redeemed, to sell them, or so much as would liquidate the debt and interest. If disturbed in the possession, whether by the pledgor or a stranger, she could regain possession by the action of replevin, or other appropriate suit. Possession is essential to the enforcement of the pledgee's rights.

The restoration of the goods to Harriet Luckett would restore 'the *statu quo* condition. She would still be a bailee, with a power to make the goods available, by sale, to pay her debt, and the surplus would go to Angeline Jones.

As between bailor and bailee, in case of pledges for debt, the pledgor remains general owner of the goods, subject to the qualified or limited right in the bailee to the possession, for the purpose of effectuating the object of the pledge. On payment of the $20 in this case, the entire right of Harriet Luckett in the goods would be extinguished.

It would seem to follow from these premises that all that

Harriet Luckett could require would be that the property should be returned to her, to be held, as before, as security for the debt, or that Angeline Jones should pay the debt, and thereby be reinstated with the absolute property.

The value of the interest of the bailee in this property was the amount of her debt.

The hirer of a work animal for twelve months, in an action of replevin against the bailor, would obtain the value of the property by securing payment for the worth of the animal for the year. If he were allowed the full value of the animal it would be greatly in excess of his interest.

The principle had recognition in the case of Lloyd v. Goodwin, 12 S. & M., 223. There the action was by the tenant for life of slaves, and the question was whether the jury should assess the full value, which would include the life estate as well as that in remainder, or whether they should fix the value merely of the life estate. The court held that the value assessed should be commensurate with the value of the plaintiff's title, and no more.

If this were not so the injustice would be wrought, in the case of perishable property—and in every case where the property, for any cause, could not be found by the officer—that the bailee, who might have but a small interest in the property, would recover two or three times its value in money.

In this case Angeline Jones got possession of her wearing apparel by the writ in 1871, worth at the time $74. The defendant only had a right in the property to the extent of $20, and interest upon it. Doubtless the plaintiff has by this time worn out the clothing, yet she and her sureties are under a pecuniary judgment for $74, three times, and more, larger than her claim on the property.

The circuit judge did not observe the distinction as to the rights of the bailee against the general owner and a stranger. It was set forth in the early case of Heyden v. Smith, 13 Coke, 69. The bailee may have his action against him who hath the general property, and upon the evidence the damages shall be

mitigated, but in the action against a stranger he shall have all in damages, because he is answerable over.

In Lyle v. Baker, 6 Binn., 457, which was trespass *de aspor-tabilis bonis* against a stranger by the pawnee, it was held that he should recover the whole damages because he was answerable over, for the excess of his debt, to the general owner. Harkis v. Demont, 9 Gill, 14, 15.

But in 15 Conn., 302, and Benjamin v. Stemple, 13 Ill., 468, where the suit was between the bailee, or party having a limited property, and the general owner, the damages were limited to the value of the special interest in the property. Kennedy v. Whitehead, 4 Pick., 466; 8 Wend., 445.

The circuit court charged the jury to assess the full value of the property, and declined to instruct them to find the value of the interest of Harriet Luckett. This was error.

Judgment reversed.