(41 Misc. Rep. 46.)

### PAGE et al. v. BOGGESS et al.

(Supreme Court, Special Term, New York County.   June, 1903.)

1. PLEDGE—RIGHTS OF PLEDGEE.
    The owner of certain stock in a foreign corporation deposited it with a bank, giving an option requiring the holder thereof to pay a certain sum by a certain date or return a certain part of the shares to the owner. Such owner thereafter pledged all the shares and their dividends as collateral.  Held, that the pledgees could maintain against a trust company, successor of the bank as depositary, and the holder of the option, an action to have their lien on all the shares established, and to bar the defendants, other than the original holder of the option and his assigns, from any rights other than those still surviving under the options, and have delivery to the pledgees of the stock on which default has been made, and requiring the trust company on further default to deliver the remaining shares to the pledgees.

Action by Charles Page and Reinhardt Harding against Riley A. Boggess and others.   Demurrer to complaint.   Overruled.

Atwater & Cruikshank, for plaintiffs.

Horace Graves, for defendants Hughes and Reed.

TRUAX, J.   This is an action by the plaintiffs, creditors to the extent of $65,000, of the defendant Riley A. Boggess, to foreclose the lien or special right of property created by an assignment of certain stock as security for the payment of their debt, and for the sale of the stock to satisfy the same.

The allegations of the complaint are that on May 4, 1901, the defendant Boggess, being the owner and holder of 379,985 shares of the capital stock of the Empire Consolidated Quicksilver Mining Company, delivered the same to the Seventh National Bank of the city of New York, to hold pursuant to the terms of a letter of deposit under which one Dowe was given an option or right until July 1, 1903, to purchase and acquire certain portions of such stock, and by which it was also provided that if Dowe should fail to pay to said bank the sum of $105,000 by May 1, 1902, said bank should deliver to said Boggess 21,000 shares of said stock, or such proportion as represented the part of said sum of $105,000 which Dowe had failed to pay by said date; that on May 2, 1901, the defendant Boggess executed and delivered an instrument in writing to the plaintiffs, whereby he assigned to them as security all his right, title, and interest in and to said 379,985 shares, together with the dividends thereon; that due notice of such assignment was given by the plaintiffs to the Seventh National Bank; that Dowe has transferred to the defendant Board his option on said stock, and on November 20, 1901, the Seventh National Bank, with the consent of the parties interested, delivered the said 379,985 shares of stock to the defendant the North American Trust Company of the city of New York (a domestic corporation), which accepted the same, and acknowledged in writing that it held the same upon the terms and conditions upon which they were deposited with the Seventh National Bank, and subject to the terms and conditions of the assignment of May 2, 1901, by Boggess to the plaintiffs.   The complaint also alleges that the debt

due plaintiffs has not been paid; that defendants Reed and Hughes have, or claim to have, a lien upon said stock, or some part thereof, and that their lien is subordinate and subject to plaintiffs' claim.

The relief demanded by plaintiffs is that their lien on said property may be established; that the defendants other than Dowe and his assigns, as holders of the option, be barred and foreclosed of all right, etc.; that Dowe and his assigns be declared to have no right other than under the option; that the defendant North American Trust Company forthwith deliver to the plaintiffs, or a receiver, the 21,000 shares of stock which became deliverable May 1, 1902; that it be adjudged and decreed that on July 1, 1903, the defendant North American Trust Company, in the event of the further default of Dowe, deliver to the plaintiffs herein, or a receiver, the remaining 358,985 shares, and that the whole 379,985 shares be sold and the proceeds of the sale distributed.

The defendants Reed and Hughes demur to the complaint, on the grounds (1) that the complaint does not state a cause of action, (2) that there is a misjoinder of causes of action, and that (3) the court has no jurisdiction of the subject of the action. The complaint sets forth a cause of action.

It was claimed on the argument that, even if the complaint be warranted by section 1737 of the Code of Civil Procedure, it did not set forth a cause of action. The provisions of section 1737 are not exclusive. They are unnecessary, and do not widen or affect the jurisdiction of this court. Even if this were an action to foreclose a chattel, the complaint herein does not vary in the slightest degree from the requirements of the Code on that subject. Code Civ. Proc. §§ 1737–1741. But the mere fact that the stock in question may not be a chattel does not preclude the maintenance of the action. The right to foreclose a lien upon collateral has always been recognized. It has long been held that a nonpayment of the debt authorized the pledgee to file a bill for the foreclosure of the pledge and proceed to a judicial sale. Stearns v. March, 4 Denio, 227, 47 Am. Dec. 248; Hart v. Ten Eyck, 2 Johns. Ch. 62; Brownell v. Hawkins, 4 Barb. 491; Vaupell v. Woodward, 2 Sandf. Ch. 143. It has also been held that the holder of collateral may maintain an action to fix the amount due and to foreclose the lien by a sale of the security, although he has the right to sell such security without action. Farmers, etc., v. Rogers (Super. Buff.) 1 N. Y. Supp. 757. There is no misjoinder of causes of action. The cause of action affects all the parties. The parties to the action are the plaintiffs, who claim a lien upon the stock for their debt; the debtor, the defendant Boggess; the holder of the stock, the North American Trust Company; and the subsequent lienors, all the other parties in the action. It is true that Dowe and Board are made parties to the action, but their right under the option to purchase is expressly saved and recognized, and if they only claimed a right under that option they would not have been necessary parties herein; but the reason why they are joined is that there may be an adjudication whether they have any other or further rights, or whether their rights are limited to the option. An appropriate allegation is inserted in the complaint that any other or further in-

terest which they have in the stock is subordinate to the lien and right of the plaintiffs, and an appropriate prayer that they be declared to have no right in the stock other than is expressly conferred upon them by the letter of deposit.

It is apparent that the allegations of the complaint only set forth one subject-matter of action, that the parties who are joined are all interested therein, and that the different prayers for relief are only called for by the necessity of adapting the relief to the circumstances stated in the complaint. The varied character of the relief sought does not constitute different causes of action when the suit is in equity. In an action like this the presence of all the parties who are interested in the subject of the suit, and whom the provisions of a decree herein made would or might affect, is proper, if not actually necessary. Shepard v. Manhattan R. Co., 117 N. Y. 447, 23 N. E. 30. The court has jurisdiction of the subject of the action. The action is primarily directed against the North American Trust Company, the depositary of the stock. The complaint alleges that the trust company is a citizen of the state of New York; it alleges the delivery of the stock to it, and its acceptance, subject to the terms of the original deposit, and also subject to the terms of the plaintiffs' assignment. The case, therefore, on the face of the pleadings, is one where a citizen of the state holds property which is subject to the lien or claim of the plaintiffs by virtue of an assignment as collateral. The courts of this state have held that certificates of stock of a foreign corporation constitute property, so as to give the state jurisdiction to levy a tax upon the transfer, although they may be owned by a nonresident, when the certificates are found within the state at the time of the owner's death. Matter of Whiting, 150 N. Y. 27, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640. In Simpson v. Jersey City Contracting Co., 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796, the court held that the interest of the pledgor in stock of a foreign corporation, under a pledge with a resident of the state, is subject to attachment. Judge Gray said (page 197, 165 N. Y., page 898, 58 N. E., 55 L. R. A. 796):

"It is true that the corporate property represented by the shares of stock was not within this jurisdiction; but how is that a controlling consideration, and can it reasonably be said that this defendant had no property here, whether we regard it as in the transferred certificates of stock, or as in the claim or demand which it had against the trust company? * * * The distinctions sought to be drawn are largely artificial. The truth is that it did have property here, in the common acceptation of the term, as well as in the eye of the law. Certificates of stock are treated by business men as property for all practical purposes. They are sold in the market and they are transferred as collateral security for loans, and they are used in various ways as property. They pass by delivery from hand to hand and they are the subject of larceny."

The complaint also shows that the cause of action arose within the state, because it alleges that the assignment was of the stock on deposit with a citizen of the state, namely, the Seventh National Bank; that notice of such assignment was given to the Seventh National Bank and its successor (also a citizen of this state); and that the North American Trust Company accepted title, subject to the assignment, and agreed to be bound by its terms and conditions. The plaintiffs are entitled to establish their rights against the trust company.

In any event the plaintiffs herein are entitled to have their right and interest in the certificates of stock declared by the courts of this state, and to have provision made for the sale of these certificates, so that they may be able to deliver a good and valid title to any purchaser at judicial sale. Even if this were deemed to be only an action to establish the right and interest of the plaintiffs in the certificates of stock within this state, and to provide for the delivery of these certificates to the proper party for the purpose of enabling the plaintiffs to make their security effective, the complaint would state a cause of action. The demurrers are overruled, with separate costs against each of the defendants Reed and Hughes.

Demurrers overruled, with separate costs against each of defendants Reed and Hughes.