REUBEN F. HARRIOTT *v.* THE NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY.

A non-resident plaintiff cannot maintain an action in this court against a foreign corporation unless it appears that the action is upon a contract made, executed or delivered in this state, or that the cause of action arose, or the subject of the action is situate, within this state.

This court has, therefore, no jurisdiction of a suit brought by a non-resident plaintiff against a foreign corporation to recover damages for a wrong committed out of this state.

Appearing and answering only waives the question of jurisdiction so far as it relates to the person; but if the subject matter of the action is not within the jurisdiction of the court, no assent or waiver of the parties can make a judgment upon it effectual.

APPEAL from a judgment at the special term, dismissing the complaint. The action was brought to recover damages, laid in the complaint at $800, for killing a horse belonging to plaintiff, through the negligence of defendant's servants. The pleadings did not show where the plaintiff resided. They showed, however, that the defendants were a corporation created by the

laws of New Jersey, but having an office, and owning property within this state. The alleged killing of the plaintiff's horse took place in New Jersey.

On the first trial of the cause it appeared in evidence that the plaintiff was a non-resident of this state. That trial resulted in a disagreement of the jury. On the second trial, after the counsel for plaintiff had opened the case to the jury, the plaintiff's non-residence being conceded by his counsel, a motion was made on the part of defendants to dismiss the action for want of jurisdiction. The complaint was thereupon dismissed by the direction of the court, and the plaintiff appealed.

*Edmund Yenni* and *James W. Gerard*, for the appellant, argued that the defendants voluntarily submitted to the jurisdiction of the court, by appearing and putting in an answer, setting up no defence of want of jurisdiction, nor taking advantage of it by motion. The provisions of the Code were intended as a personal privilege to the defendants not to be called upon to litigate—for acts done in New Jersey, where they were incorporated—in the Fora of this state; but if they waive this right, and submit to our courts, they cannot be allowed, when the trial is called on, to withdraw that submission.

The whole case turns upon this point: Has this court jurisdiction over the subject matter? If it has, then a want of jurisdiction over the person is always waived by a general appearance and plea to the action. There can be no doubt that this court has jurisdiction over the subject matter. Suppose the railroad in New Jersey had been owned by an individual, and that individual living in the city of New York, or, what is stronger, living in New Jersey, and on being served with process appears and pleads to the action, would there be any doubt that this court could try such a cause and pass judgment and execution? Make the case stronger still: suppose the road owned by a citizen of New Jersey, and only transiently here, and served with process, could he plead (this being a court of general juris-

diction,) that this court had no jurisdiction over an action of trespass to personal property, committed in New Jersey ?   The Code or statutes which organize the Common Pleas, do not deprive the court of jurisdiction, because the defendant is a nonresident of this state, if he is found within it so as to be served with process.

Want of jurisdiction over the subject matter cannot be waived by consent, but want of jurisdiction over the person is waived by a general voluntary appearance.  *Martyn* v. *Fabriques*, 2 Smith's L. Cases (Hare & Wallace's ed.,) 765 and notes.  A corporation can be sued just like an individual, except where the statute denies jurisdiction over them.  *Marshall* v. *Baltimore and Ohio RR. Co.*, 16 How. (U. S.) R. 327.

This action is for injury by collision, destroying cattle; and the defendants appear and answer to the merits, and take no exception to jurisdiction in their answer.

A voluntary appearance of a corporation gives jurisdiction against a foreign corporation, the same as against an individual. 4 How. Pr. R. 275, 415; 5 How. Pr. R. 183.

In the case of the *Bank of Commerce of Boston* v. *The Washington RR. Co. of Vermont* (10 How. Pr. R. 8,) Judge HAND takes up all the sections of the Code in reference to sueing foreign corporations, and shows that when they are properly in court, a general judgment *in personam* is got against them, the same as against any individual—and he intimates that section 134, sub. 1—135 of the Code (amendments 1851)—enlarges section 427, sub. 1, of the Code, and allows a general action to be brought in this state against a foreign corporation, where it has property in this state; thus giving jurisdiction over foreign corporations, if any one of these three things exist: 1st. If the plaintiff is a resident of this state.   2d. If (the plaintiff residing anywhere) the cause of action accrued in this state.   3d. If the corporation has property in this state (no matter where the plaintiff resides.)   Our complaint is based on that amendment precisely; for it does not base its jurisdiction either upon the plaintiff being a resident, or upon the cause of action having accrued

here, but that the defendants had an office of business and property within the city, county and state of New York. This decision of Judge HAND was affirmed at general term.

In *Bates* v. *The New Orleans RR. Co.* (13 How. Pr. R. 519,) it is intimated and conceded that a voluntary appearance gives jurisdiction in a case where the court has not jurisdiction; and by section 139 of the Code, a voluntary appearance is equivalent to a personal service of the summons; and the note to that section contains a number of cases, to show that a voluntary and general appearance, besides being equivalent to a personal service of the summons, is a waiver of all defects in the summons or previous proceedings.

*Dix* v. *Palmer*, 5 How. Pr. R. 233. By appearing, the defendants admit themselves to be regularly in court; and, upon the question that appearance waives objections to the jurisdiction, see *Sperry* v. *The Mayor, &c.*, (1 E. D. Smith's R. 351); *Monteith* v. *Cast*, (1 E. D. Smith's R. 412); *Andrews* v. *Sharp*, (1 E. D. Smith's R. 615; and 2 E. D. Smith's R. 22.) Though consent will not give jurisdiction over the subject matter, it will over the person. Now the Common Pleas has jurisdiction over the subject matter. It can try injuries done by railroads—and done in a foreign state, if the owners of the railroad are individuals. It is, therefore, only a question of jurisdiction over the person of the defendants. *Spaulding* v. *The Hudson Manufacturing Co.* (2 E. D. Smith's R. 38,) is a case in point—of a suit in a justice's court against a foreign corporation in New Jersey. *Snyder* v. *Goodrich*, 2 E. D. Smith's R. 84: The parties, plaintiff and defendant, were both non-resident. They appeared and plead to the merits, and no objection was taken. It was held, that the court had no jurisdiction, because the statute expressly declares that a judgment in such a case shall be utterly void. These two cases look against us, but they are not. They were so decided because the statute expressly declares the judgments void. *Smith* v. *Dipeer*, 2 Code R. 70: Judge DALY decides, "consent gives jurisdiction over the person." *Hulbert* v. *The Hope Mutual Ins. Co.*, 2 Code R. 148: A voluntary ap-

pearance gives the court jurisdiction over a foreign corporation—so as to have a judgment *in personam*.   Otherwise, it is only a proceeding *in rem* against property in this state attached; and *Brewster* v. *Michigan RR. Co.* (3 Code R. 215,) lays down the same principle.   In 1 Sandford's S. C. R. 19, it was decided that consent gives jurisdiction, unless the court is prohibited from taking jurisdiction over the subject matter; and in *Smith* v. *Elder* (3 Johns. R. 105,) it was held that an appearance gives jurisdiction over a suit which could only be otherwise tried in a foreign country; and, to conclude, *Seymour* v. *Judd* (2 Comst. 467), shows that consent waives most important wants of jurisdiction.

*Edgar S. Van Winkle*, for the respondent, argued:

I.   The jurisdiction of a court is composed of two branches—1. Jurisdiction of the person or party.   2. Jurisdiction of the subject matter.   The first is barred by the privilege or exemption of the party; the second, by the authority or constitution of the court itself.   The first, being a privilege, may be waived by the party in whose favor it exists; the second, being a restriction on the power of the court itself, can never be extended: Hence the two maxims of law—1. A person can waive a personal privilege, and 2. Consent cannot confer jurisdiction. Thus, for example, 1. The process of a court cannot run into a foreign country; yet, if a party receiving it there choose to appear, the court will have jurisdiction of his cause.   2. The state courts have no jurisdiction of suits for infringements of patents, so that if a defendant appear in such a suit in a state court, and plead to the merits, he may afterwards, on writ of error, raise the question of jurisdiction; and even a judgment obtained in such suit can be impeached and held null at any time.   Again: Foreign consuls can only be sued in the federal courts, yet if they appear in state courts, and do not claim their exemption, the court has jurisdiction of the cause.   Or, justices of the peace cannot try any suit in which the title to land comes in question, and a judgment given in such case will be void,

although the parties permitted judgment without raising the question.

II. In the present case, the court confessedly would have had no jurisdiction of the *subject matter* if the objection had been taken by answer, or plea to the jurisdiction. It is a suit against a foreign corporation by a non-resident, and is not founded on contract, and this court has no jurisdiction in such a case. Code of Procedure, § 33, sub. 3, § 427. The policy of the law has excluded such claims from our tribunals.

III. Nor can any consent or silence help the jurisdiction of the court, for the restriction is on the authority of the court itself, and the objection is one which can be taken at any time. *Ex parte Bouman*, 4 Cranch, 75; *Doe ex dem. State of New Jersey* v. *Babcock*, 4 Wash. C. C. R. 344; *Ketchum* v. *Sullivan et al.*, 4 Wash. C. C. R. 4; *Wood* v. *Mann*, 1 Summer C. C. R. 587. If an inferior court have not jurisdiction over the *subject matter*, it will be a ground of non-suit at the trial. 1 T. R. 151. And if there be a total want of jurisdiction, in any of the courts of England the matter may be pleaded in bar, or given in evidence under the general issue, even in an action in the superior courts at Westminster. 1 Chitty Pl. 379 n. b., 381; 6 East, 583; 1 East, 352; Bac. Abr., Title Pleas, E. 1; 4 T. R. 503. Consent cannot confer jurisdiction, although it may cure an irregularity in process, or render valid an irregular process. *Coffin* v. *Tracy*, 3 Caine's R. 129; *David* v. *Packard*, 6 Peters, 276; *Overstreet* v. *Brown*, 4 McCord's R. 79; *Dudley* v. *Mayhew*, 3 Comst. R. 9; *Burckle* v. *Eckhart*, 3 Comst. R. 132; *Carroll et al* v. *Dorsey et al.*, 20 How. (U. S.) Rep. 204; *United States* v. *Yale et al.*, 6 id. 605; *United States* v. *Curry*, 6 id. 106; *Buckingham et al.* v. *McLean et al.*, 13 id. 150; 3 Cow. & Hill's Phil. on Evid. 1024, 1025, and cases cited; *Striker* v. *Mott*, 6 Wend. 465; *Preston* v. *Boston*, 12 Pick. 7; *The State* v. *Turner*, 1 Wright's (O.) R. 20, 33.

IV. The following are all cases of questions of regularity, when defendant's voluntary appearance was held to preclude him from questioning the jurisdiction. *Smith* v. *Dipeer*, 2 C. R.

70, was a case of irregular service of process. *Pixby* v. *Winchell*, 7 Cow. 366, was an irregularity in the *teste* of the *capias*. *Wright* v. *Jeffrey*, 5 Cow. 15. The *capias* was returnable on Sunday, and without knowing the fact the defendant had put in special bail, and was held to be concluded. See, also, *Smith* v. *Elder*, 3 Johns. 105; *Cook* v. *Champlain Trans. Co.*, 1 Denio, 91; Cowen's Treatise (4 ed.) 38, 39..

By the Court, BRADY, J.—The Code, by section 33, subdivision 3, defines the jurisdiction of the Court of Common Pleas over actions against foreign corporations, and confers it only where the action is for a debt or damages, whether liquidated or not, arising upon contract made, executed, or delivered in this state, or where the cause of action arises therein. Section 427 provides that an action may be commenced in the Supreme Court, the Superior Court of the city of New York, and in the Court of Common Pleas for the city and county of New York, by a resident of this state, for any cause of action, and by a plaintiff not a resident, when the cause of action shall arise, or the subject of the action shall be situate, within this state. To enable a non-resident plaintiff to maintain an action, therefore, in this court against a foreign corporation, one of three requisites at least must appear: 1. That the action is upon a contract made, executed, or delivered in this state; or, 2. That the cause of action shall have arisen in this state; or, 3. That the subject of the action shall be situate within this state. Here none of these requisites exist. The plaintiff is a non-resident, and the cause of action arose in the state of New Jersey. He has, therefore, no *status* in this court, and his action cannot be entertained.

It was urged on the argument that the defendant having appeared and answered without raising any objection to the jurisdiction of the court, and the court having jurisdiction of cases brought to recover damages for injuries done by railroad companies, the question was one which related to the person and not to the subject matter. The answer to this proposition is, that the statute has declared in effect that the court shall not have juris-

dictions of such actions against a foreign corporation, unless the plaintiff resides in this state or the cause of action arose therein. It has jurisdiction of all actions between individuals for injuries inflicted, without regard to the residence, when the defendant is personally served with process within the city of New York, but against foreign corporations only in the cases specified. The objection, therefore, urged by the defendants does not present a question of jurisdiction over the person. We have decided that a defendant, by appearing and pleading to the merits, waives all objections of jurisdiction to the person, but not to the subject matter. *Hogan* v. *Baker*, 2 E. D. Smith, 22; *Paulding* v. *Hudson Manufacturing Co.*, ibid. 38. And the Court of Appeals have decided that no assent by the parties can confer jurisdiction or render the judgment of a tribunal effectual, in a matter over which it has not by law jurisdiction. *Dudley* v. *Mahew*, 3 Comst. 12; *Burckle* v. *Eckhart*, ibid. 132; see, also, *Coffin* v. *Tracy*, 3 Caine's Rep. 129; *Davis* v. *Packard*, 7 Peters, 276; *U. S.* v. *Yale et al.*, 6 How. (U. S.) R. 605; *U. S.* v. *Curry*, ibid. 106.

In *Dudley* v. *Mayhew* (*supra*,) the objection to the jurisdiction was first interposed by plea, but subsequently withdrawn and a stipulation given not to raise it further; but as consent could not give jurisdiction, the decree of the chancellor was reversed.

Judgment affirmed.