BURNS *vs.* THE PROVINCIAL INSURANCE COMPANY.

Under the act of 1849, ch. 107, " to extend the remedies at law against foreign insurance companies," which provides that suits may be brought against such companies upon any contract made or delivered in this state, an action lies upon a policy of insurance issued and delivered here, by the resident agent of a foreign company.

THIS is an appeal from an order vacating an attachment against the property of the defendant as a foreign corporation. The action was for a loss on a policy of marine insurance. The ground of the motion was want of jurisdiction over the action ; it being alleged that the plaintiff is a non-resident of the state, the defendant a foreign corporation, that the cause of action did not arise, and that the subject of the action is not situated, within this state. The affidavit of Henry J. De Wolf, on the part of the plaintiff, showed " that he personally, as agent for the plaintiff, effected the insurance and procured the policy underwritten by the defendants sued upon in this action ; that all the negotiations for said insurance took place in the city of New York, between deponent and A. W. Thompson, the agent of said company, resident

Burns *v.* Provincial Insurance Company.

in said city of New York. That the contract was made and concluded, and the policy issued to deponent for and on behalf of the plaintiff, at the said city of New York, and not elsewhere." The court vacated the attachment and the plaintiff appealed.

*J. Larocque,* for the appellant.

—— ——, for the respondent.

*By the Court,* INGRAHAM, J. Although this case may not be within the strict reading of section 42 of the code, the act of 1849, chapter 107, will sustain the attachment. By that act, which professes to extend the remedies against foreign insurance corporations, it is provided that suits may be brought against such companies upon any contract made or delivered within this state. The contract here sued on is the policy of insurance. The affidavit of De Wolf, the plaintiff's agent, is positive that the contract was made and the policy issued to the witness at the city of New York, and not elsewhere. The evidence to the contrary, on the part of the defendants, is only on information, and has not contradicted the allegation that the contract was delivered or issued in New York.

I think the order should be reversed.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]