## HORACE W. CARPENTIER and others *vs.* CHARLES MINTURN and THE CONTRA COSTA STEAM NAVIGATION COMPANY.

A voluntary and general appearance, in an action, not only gives jurisdiction of the parties, but cures any irregularity in the service of process.

When a foreign corporation is sued here for a cause of action which has arisen in this State, and its officers or attorney desire to have the benefit of section 427 of the Code, the objection to the jurisdiction must be made in proper time. It is too late to raise the objection after an unqualified appearance in the action.

Sufficient is shown to sustain the action when it appears that the court has general jurisdiction of the subject matter, and the parties have voluntarily submitted to the jurisdiction of the court.

The board of trustees of Oakland, California, granted to the plaintiffs the exclusive privilege of running a ferry between that place and San Francisco. The plaintiffs, in consideration of a certain percentage of the receipts from the ferry, assigned and transferred to the defendants such rights as they had under the ordinance and grant of the trustees of Oakland; not covenanting that the privileges and rights of ferriage so assigned were "exclusive." In an action for an accounting by the defendants as to the receipts from the ferry, and for payment of the plaintiffs' share; it was *held* that in the absence of any covenant on the part of the plaintiffs that the ferry privilege was exclusive, it was not competent for the defendants to allege, as a counterclaim or defence, that the town of Oakland had not the power to confer the exclusive right of ferriage, and that thereby the defendants had sustained damages.

That the plaintiffs could not, on that account, be held responsible for the loss or gain of the contract; the defendants not having rescinded the contract, nor offered to restore what they had acquired under it.

*Held, also,* that if the trustees of Oakland had no legal right to establish or grant the exclusive privilege of a ferry, it was a mistake of law · and that both

parties having acted under the mistake, no claim for damages could arise out of such mistake; nor was it a defence to the plaintiffs' whole cause of action. *Held, further,* that no warranty could be predicated on the contract because of a mistake of law.

APPEAL by the plaintiffs from a judgment entered at a Special Term, on demurrer to the defendants' answer.

*A. R. Macdonough, J. S. Carpentier* and *John K. Porter,* for the appellants.

*S. P. Nash, E. J. Beach* and *Chas. N. Black,* for the respondents.

*By the Court,* FANCHER, J. The sixth section of article 6 of the constitution of this State provides, that "there shall be the existing Supreme Court, with general jurisdiction in law and equity, subject to such appellate jurisdiction of the Court of Appeals as now is, or may be, prescribed by law." No question can be made that the Supreme Court has jurisdiction of the subject matter of this action. It has all the jurisdiction of the former Supreme Court and of the court of chancery. (*Laws of* 1847, *ch.* 280. *Laws of* 1849, *ch.* 30. *Laws of* 1851, *ch.* 163. *Onderdonk* v. *Mott,* 34 *Barb.* 112.)

Independent of the 427th section of the Code of Procedure, there is the higher law of the constitution, which confers on the Supreme Court jurisdiction of the subject matter in actions like the one between the parties to this action. That section of the Code is not the only source of jurisdiction in actions against foreign corporations. The law of 1849, chapter 107, page 142, provided that certain suits might be brought in the Supreme Court, and certain other courts, against any corporation created by or under the laws of any other State, government or country, for the recovery of any debt or damages,

whether liquidated or not, arising upon any contract made, executed or delivered within this State, or upon any cause of action arising therein. It has been held that this statute has not been repealed by the Code, and, therefore, that the courts named in the statute of 1849 have jurisdiction of actions, in the specified cases, against foreign corporations. (*Jones* v. *Norwich and N. Y. Trans. Co.* 50 *Barb.* 193.) It has also·been held, that where a foreign corporation has appeared in an action on contract, brought in the Supreme Court, it is subject to the jurisdiction of the court to the same extent as a corporation created under the laws of this State ; and its foreign origin does not prevent the bringing of an action against it. (*Dart* v. *Farmers' Bank at Bridgeport*, 27 *Barb.* 337.) If a foreign corporation should be sued here for a cause of action which has not arisen in this State, and its officers or attorney should desire to have the benefit of section 427 of the Code, the objection to the jurisdiction must be made in proper time. It is too late to raise the objection after an unqualified appearance in the action. Sufficient is shown to sustain the action when it appears that the court has general jurisdiction of the subject matter, and the parties have voluntarily submitted to·the jurisdiction of the court. A voluntary and general appearance in an action, not only gives jurisdiction of the parties, but cures any irregularity in the service of process. (*Allen* v. *Malcolm*, 12 *Abb. Pr. N. S.* 338, 339. *Mahaney* v. *Penman*, 4 *Duer*, 603, *note.* *Shields* v. *Thomas*, 18 *How. U. S.* 259. *Watson* v. *The Cabot Bank*, 5 *Sandf.* 423, 428. *Murray* v. *Vanderbilt*, 39 *Barb.* 140.)

The foreign corporation which is one of the defendants, appeared generally and answered to the merits in this action ; and, therefore, it was too late to make the objection of the want of jurisdiction. The demurrer, therefore, to this defence should have been sustained.

The "sixth" defence set forth in the answer of the

navigation company, is bad in substance. The agreement sued upon is annexed to and made a part of the complaint. (Schedule F.) It does not appear by it that the plaintiffs covenanted that the "privileges and rights of ferriage" assigned to the defendants were "exclusive;" but the plaintiffs merely transferred such rights as they had under the ordinance and grant of the trustees of Oakland. If the trustees had no legal right to establish or grant the exclusive privilege of a ferry, it was a mistake of law; and it seems that the trustees, and both parties to this action, have acted under the mistake. But no claim for damages can arise out of a mistake of law; nor is it a defence to the whole cause of action of the plaintiffs. (*Curtis* v. *Brooks*, 37 *Barb.* 476. *Silliman* v. *Wing*, 7 *Hill*, 159. *Sups. of Onondaga* v. *Briggs*, 2 *Denio*, 40. *Trigg* v. *Lavalle*, 15 *Moore's Privy Council Cases*, 271. *R. R. Co.* v. *Soutter*, 13 *Wall.* 524.)

Under the agreement between the parties, the plaintiffs reserved the management and control of the wharves and wharfage of the city of Oakland, but they agreed to assign and set apart a suitable portion of *their wharves* in said city, to be devoted to the exclusive use of the ferry-boats; and the plaintiffs covenanted to refund to the defendants all wharfage and dockage they should collect on the boats &c., used in running the ferry-boats by the defendants. There were valuable privileges conferred on the defendants by the agreement, and according to the allegations of the complaint, they were enjoyed by the defendants, from October, 1854, to 1866, during which time they ran the ferry, used and occupied the landings and supposed franchise granted, according to the agreement, and, by means thereof, realized benefits and receipts to an average of $11,000 per month.

Now in the absence of any covenant on the part of the plaintiffs that the ferry privilege was exclusive, it is not competent for the defendants to allege as a counter-

Carpentier *v.* Minturn.

claim or defence, that the town of Oakland had not the power to confer the exclusive right of ferriage, and thereby the defendants have sustained damages. The plaintiffs cannot, on that account, be held responsible for the loss or gain of the contract. The defendants have never rescinded the contract, nor offered to restore what they have acquired under it. No warranty can be predicated on the contract because of a mistake of law. *Ignorantia juris non excusat.* A *recoupment* of damages for an alleged breach of the contract, where benefits are received and retained, is not permissible. (*Sprague* v. *Blake*, 20 *Wend.* 61.) The party must abide by the contract, or rescind it in *toto*, by returning what has been received. (*Milner* v. *Tucker*, 1 *Car.* & *P.* 15. *Reed* v. *Randall*, 29 *N. Y.* 358.) There does not appear to have been any mistake of fact in the case; and none is alleged. The parties misunderstood a statute of California, but have no ground for damages on that account. Nor is there reason for saying that a mistake in regard to the meaning of such a statute, is to be considered as a mistake of fact.

There was no error in the judgment of the Special Term in granting to the plaintiffs judgment on the demurrer to the seventh and eighth defences set forth in the answer; and the order of the Special Term is, in that respect, affirmed. But so much of the order of the Special Term as overrules the plaintiffs' demurrers to the "first" and "sixth" defences set forth in the answer, should be reversed, and judgment for the plaintiffs, with costs of this appeal, should be granted thereon.

Ordered accordingly.

[First Department, General Term, at New York, January 6, 1873. *Ingraham* and *Fancher*, Justices.]