Neilson, Ch. J.
The complaint was dismissed at the close of the plaintiff’s case on the grounds stated.
The defendant had no place of business in this city. The cause of action did not arise here, nor was it suggested that the summons was or could have been served within our territorial limits. We therefore concur \fith the learned judge who presided at the trial, that the court had no jurisdiction of the case.
The ruling in Landers v. The Staten Island Railroad Company applies. It is true that this action was, in its nature, transitory. It is for a wrong, but so also was the Landers case for a wrong—the cause of action for damages suffered by the negligence of the agents of the railroad company. It rested with this plaintiff to show that this was the proper forum by reason of the defendant’s place of business or of the service of process ; the question of jurisdiction not depending upon the form of the pleading, or upon any imputed consent of the defendants.
Under the statute and the doctrine of the Landers case, we have never faltered in upholding our jurisdic *396 tion where that seemed proper; but we have found it necessary to distinguish the case of a corporation defendant, located and transacting business in some other section of the State, from the case of a citizen defendant. The citizen, capable of being served here, but, in fact, served elsewhere, might make a special application for relief, take the objection in the answer, or he might elect to go to trial on the merits. In cases where such an election had been made, our uniform practice has been to affirm it. On the trials of issues of fact going to the merits simply, we have refused to allow the defendants to raise the question of jurisdiction.
But our power to impute such an election in a case of this character, may well be doubted. How is a corporation, its location, business and property elsewhere, impleaded upon a claim not arising here, to be served with our process ? There is no possible mode of service. In the Landers case the objection was taken in the answer, but the ruling has special application to a defendant improperly brought here in a corporate capacity. The principle illustrated in that case, and the provisions of the statute, would be offended by our assuming to have jurisdiction of these defendants, and of the claim sought to be enforced in this action.
The judgment must be affirmed with costs.
McCtte, J., concurred.