Sedgwick, Ch. J.
[Concurring.]—The case of McCormick v. Pennsylvania R. R. Co. (49 N. Y. 303), construed section *284 437 of the old Code of Procedure, which provided that an action might, be brought in the supreme court, superior court of the city of New York, or the common pleas of this city, by a resident of the state, for any cause of action, and by a non-resident, when the cause of action should have arisen, or the subject of the action be situated within the state. The opinion assumed for the purposes of the decision, that, contrary to the ruling of the court below, the plaintiff was a non-resident. The cause .of action did not arise within this state. The judge delivering the opinion, said in Gibbs v. Queen Ins. Co. (63 N. Y. 130), that McCormack could not have commenced an action at all against the defendant corporation in inmtum. The opinion in the McCormack case proceeded to consider that the defendant appeared and answered generally, and did not raise an objection that the court had no jurisdiction of the action, and the parties, until after issue was joined and the trial had begun. It was impliedly held, that if the objection to the jurisdiction had been taken by motion, or at the time of appearance, or in the answer, it would have been valid. The judge had said that the cause of action was of that nature, that although it had arisen, in another state, the court below had jurisdiction of the subject matter of the action, and held, “ that where the court has the jurisdiction of the subject matter or cause of action, that consent may confer jurisdiction of the person, and that such consent may be ex pressed by a foreign corporation, by appearing by attorney and answering generally in the action.”
If there be a defect in these propositions, it may be of the following kind. It is assumed, that because a person may waive a benefit from a provision of law, so far as it was made for his benefit, such a waiver will annul such a provision in its operation as a limitation of the functions or faculties of a court. The case admitted that, except for the consent of the defendant, section 437 was an expression of the legislative intent, that the courts of this state should have no jurisdiction of causes of action arising out of the state, between a non-resident plaintiff and a de *285 fen dan t, being a foreign corporation. The people of the state did not create the office, or choose the officer, or tax themselves for the purpose of determining litigations of that kind. A consent of a defendant, that a court might proceed, in opposition to the legislative intent, would not affect the duty of the court to carry out that intent, as soon as- the matter was called to its attention, even if a defendant had omitted altogether to take advantage of it. The court would not stop its action for the sake of the defendant, but because it had no power or right to adjudicate, excepting in cases committed to it by law.
And perhaps there was an ambiguity in the proposition that the court had jurisdiction of the subject matter or cause of action, looking apart from jurisdiction of the person. It certainly was true that, in general, the courts of this state had jurisdiction of causes of action of that kind, but whether it had jurisdiction of the particular cause of action depended upon whether the plaintiff was a resident, or the defendant a domestic corporation, as matter of fact, irrespective of whether the defendant had omitted to claim a right because it was anon-resident corporation ; and also whether the cause of action had arisen in this state.
The court distinguished Harriott v. New Jersey Trans. & R. R. Co. (2 Hilt. 262), by saying: “ There the court of common pleas of the city and county of New York had no jurisdiction of the subject matter,being confined by the Code, § 33, in such case, to a cause of action arising in this state.” It was certainly true that the common pleas had jurisdiction of the cause of action in the same sense as was said in the McCormack case. If the parties had been residents, the court could have proceeded, and the defendants did not plead want of jurisdiction. The common pleas, under section 33, were confined to a cause of action arising in this state, under the language of the section, that “its jurisdiction shall extend to the following actions,” and section 497 had said of it, as it had of the supreme court, in which the McCormack action was brought, that an action might be brought in it by a non-resident against a non-resident *286 corporation when the cause of action had arisen in this state.
These remarks have been suggested by the later case of Davidsburgh v. Knickerbocker Life Ins. Co. (90 N. Y. 526). The McCormack case was not referred to in the opinion, but it was cited by counsel on the argument. The question concerned the jurisdiction of the city court of Brooklyn. The court had jurisdiction over causes of action of the nature of the one in suit. It had been begun by service upon the secretary of the defendant, who resided in Brooklyn. The defendant appeared and answered generally, without objectingfcto the jurisdiction. The court said, that although the defendant was a domestic corporation, the city court of Brooklyn had no jurisdiction of the action, because it was shown that the corporation was neither established in that city, nor did it transact its general business there. Chapter 470 of the Laws of 1870, limited the jurisdiction (§ 2, subd. 6), “ to actions against corporations created under the laws of this state, and transacting there general business within the said city, or established by law therein 4 at jurisdiction by the service upon the secretary was not secured, under section 2 of the act, “ where any of the defendants shall reside or be personally served with summons, within said city,” because the provision referred only to natural persons. It was further held, that the general appearance was not equivalent to personal service, approving Brauneck v. Knickerbocker Life Ins. Co. (1 Abb. N. C. 393), in which counsel had cited the McCormack case. Finally, the objection that the answer had not pleaded want of jurisdiction, was overruled. The point of time when the objection was taken was held to be immaterial. “ The court could not acquire jurisdiction by consent, and might, whenever its attention was called to the defect in the proceedings, refuse to exceed the powers conferred by the law of its creation. There are, no doubt, many cases, where the court having jurisdiction over the subject matter, may proceed against a defendant who voluntarily submits to its decision ; but where a state prescribes *287 conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case, the particular condition or status of the defendant is made a jurisdictional fact.”
Section 1780 of the present Code is, as to the point under discussion, like the provisions in the case last cited. Without specifying any court, it declares that an action against a foreign corporation may be maintained by a resident of the state, for any cause of action, and by a non-resident in certain cases, none of which are like the present. The case last cited shows that so far as the section 1780 is concerned, the defendants do not waive any objection to the jurisdiction by not taking it, by answer or before. It is clear, to my mind, that the plaintiffs are non-residents. Some of them are, and some of them are not. But those that are have no action apart from those that are not. It cannot be correctly said that in this common law action, the plaintiffs coMectively are residents or non-residents.
The learned counsel for appellants argues, however, that, by the sections of the Code that have special reference io the superior court, the defendants- ’iy appearing and answering, without objection to the jurisdiction, cannot afterwards make it.
Section 263 provides that the jurisdiction of each of the superior.city courts extends to, among others, the following action, it being the one claimed by plaintiff; that is, to an action brought by a resident of the city, where the court is, against a foreign corporation, where a warrant of attach-men granted in the action has been actually levied, within that city, upon property of the corporation, or where the summons is served, by delivery of a copy thereof, within the city to an officer of the corporation, as prescribed by law.
Section 266 says, that “ the jurisdiction of a superior city court must always be presumed. It is not necessary to set forth in the complaint in such an action any of the jurisdictional facts specified in section 263 of this act, and where the defendant in the action appears the want of juris *288 diction, by reason of the non-appearance of any of these facts, is matter of defense, and is waived by the appearance, unless it is pleaded in defense.” Attention to one objection to the jurisdiction will be sufficient for this decision. The defendants object that the plaintiffs are not residents of the state. The plaintiff argues that by not alleging that the plaintiffs are not residents of the city in the answer, the want of jurisdiction on that ground is waived.
The argument for the plaintiff would have formal force, if section 263 were meant to repeal pro tanto section 1780, but no force, if it were meant to add to the conditions of section 1780. For instance, section 1780 says impliedly, that-no court shall have jurisdiction of an action against a foreign corporation, where the cause of action arose without the state, if the plaintiff be a non-resident. If section 263 meant to repeal this, so far as the superior courts are concerned, then the jurisdictional objection has been waived. If section 263 meant that besides the plaintiff being a resident of the state, it must, as a condition of jurisdiction in the superior city courts, be the fact that the plaintiffs are residents of the city, then the objection to the jurisdiction for want of residence in the state is not waived, by omitting to aver in the answer that the plaintiffs are not residents of the city. There is no inconsistency between the sections. Section 1780 says that a condition of jurisdiction of the courts of this state generally, over an action, irrespective of where the cause of action arose, or of what it related to^is that the plaintiffs should be residents of this state ; and by section 263, if'they reside in the city of New York, then the superior courts may entertain the action, upon certain other conditions, which it is not necessary to specify. If omitting to aver in the answer, waives the condition of residence in the city, there is no provision of the Code that the fundamental condition of residence in the state is waived. In substance, the sections that refer to the superior city courts distribute between local courts and the supreme' court and others, upon the conditions named, the general jurisdiction described by the 1780th section, *289 an d are not intended to change any of the conditions of the section.
Order affirmed, with $10 costs of this re-argument, and also the costs of the former argument, and of notice for re-argument.
Freedman, J., concurred.