Andrews, J.
I do not see how the defendant could withdraw the notice of apparance originally seiwed without leave of the court first obtained, and for the purposes of this motion it must be regarded as having appeared generally in the action. It was he.d in McCormick v. Penn. Cent. R. R. Co. (49 N. Y. 303, 308), and in Brooks v. N. Y. and Greenwood Lake R. R. Co. (30 Hun, 47), which were cases arising under section 427 of the old Code, that a voluntary general appearance by a foreign corporation gave the court jurisdiction of the action, although the plaintiff Ayas not a resident of this State, and the cause of action did not arise herein. The provisions of section 1780 of the present Code are similar to those of section 427 of the old Code, and it does not seem to me that the use of the word “ only,” in said section 1780, has changed the meaning of those provisions, or has rendered the above mentioned cases inapplicable. If, therefore, the question now presented came before meas an original one, I should be inclined to consider those decisions controlling, and to uphold the attachment. It appears, however, that in Ervin v. Oregon Railway and Nav. Co. (28 Hun, 269), and in Brooks v. Mexican Construction Co. (49 Super. Ct. [J. & S.] 234), which were cases arising under section 1780 of the present Code, the general terms of the supreme court in this department and of the superior court, have held that a voluntary general appearance of a foreign corporation does not give the court jurisdiction of an action brought by a non-resident, unless the case is one of those enumerated in said section 1780. It is conceded in *435 the present case that the plaintiff is a non resident, and that the case is not one of those mentioned in said section ; and-as it is my duty to follow those decisions, I must vacate the1 attachment. Inasmuch, however, as the question of the construction of said section 1780 does not appear to have been passed upon by the court of appeals, and the matter is doubtless of great importance to the plaintiff, I shall feel it my duty to grant a stay of proceedings if he desires to appeal, provided he will give, if he has not already done so, an iindertaking which will fully protect the defendant in case the order is affirmed. The order to be entered will be settled on notice.
Note on Jurisdiction op Foreign Corporation.
In considering the subject of the jurisdiction of the courts of this State of actions against foreign corporations, it is important to bear in mind the distinction between the question of jurisdiction of the subject-matter, and that of jurisdiction of the person of the defendant, and to note that by reason of the limits of territorial jurisdiction of particular courts, what in one court would raise a question of jurisdiction of the person merely, in another becomes a question of jurisdiction of the. subject-matter (See the plaintiff’s brief in the case in the text, where1 this point is very clearly brought out).
Where jurisdiction of the person only is in question, the decision., turns upon service of process, voluntary appearance, waiver of objection to jurisdiction by answering on the merits, etc., while, if the court, is found to have no jurisdiction of the subject-matter of the action, , questions as to process, appearance', etc., are immaterial, because such jurisdiction cannot be conferred by consent. (But, query, under Code Civ. Pro. § 266.)
Statutes.] “It may be conceded,” says Folger, J., in Gibbs v. Queen Ins. Co., 63 N. Y. 114, 116, “that, before the Revised,Statutes, a foreign corporation could not be sued at law in imiturn, in our courts,” citing McQueen v. Middletown M’f’g Co., 16 Johns. 5. The earliest provision was that made by the Revised Statutes (2 R. S. 340, §§ 15-30) providing that suits in the supreme court against a foreign corporation “may be commenced by attachment.” The Code of Procedure of 1848. (§ 290) embodied the provision of the Revised Statutes, as to suits against foreign corporations, and subsequently the act of 1849 (c. 107, p. 142) was passed, providing (§ 15) that “suits may be brought (in the supreme court, in the superior court of the city of New , *436 York, and in the court of common pleas in and for the city and county of New York,) against any corporation, created by or under the laws of any other State government or country, for the recovery of any debt or damages, whether liquidated or not, arising upon contract made, executed or delivered, within this State, or upon any cause of action arising therein. Such suits may be commenced by complaint and summons together with an attachment, as now provided by law, and such complaint and summons may be served as provided by ” sections 113, 114, of the Code of Procedure.
The same legislature, later in the session, added section 427 to the Code of Procedure, providing as follows :
“ An action against a corporation, created by or under the laws of any other State government or country, may be brought in the supreme court, the superior court of the city of New York, or the court of common pleas forthe city and county of New York, in the following cases:
1. By a resident of this State, for any cause of action.
2. By a plaintiff not a resident of this State, when the cause of action shall have arisen, or the subject of the action shall be situated within this State.”
Whether this repealed cb. 107 of the acts of that year, or both remained in force, was a matter of conflicting opinion. Burns v. Provincial Ins. Co., 35 Barb. 525; Jones v. Norwich Trans. Co., 50 Barb. 194; Carpentier v. Minturn, 65 Barb. 293 ; Gibbs v. Queen Ins. Co., 63 N. Y. 114, 120.
These statutes were reviewed at length, by Folger, J., in Gibbs v. Queen Ins. Co. (supra), and the conclusion reached that it was not necessary to give the court jurisdiction, that the service of the summons upon an officer of a foreign corporation should be accompanied by the levy of an attachment upon its property.
Whether the decisions made under the Revised Statutes, or the Code of Procedure, are entirely applicable under the modified language of the Code of Civil Procedure, § 1780, giving jurisdiction in specified cases “ only,” is a matter of some doubt.
Section 1780, Code. Civ. Pro., provides: “ An action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only :
“1. Where the action is brought to recover dameges for the breach of a contract, made within the State, or relating to property situated within the State, at the time of the making thereof.
“2. Where it is brought to recover real property situated within the State, or a chattel, which .is replevied within the State. ,
*437 “3. Where the cause of action arose within the State, except where the object of the action is to affect the title to real property situated without the State.”
It is necessary to the proper understanding of the cases decided under this section, to note the provision of the Code as to the jurisdiction of the superior city courts, namely :
“ § 263. The civil jurisdiction of each of the superior city courts extends to the following actions and special proceedings, in addition to the jurisdiction, power and authority, conferred upon it in a particular case, by special statutory provisions. . . .
“7. To an action brought by a resident of that city against a foreign corporation, either (1) to recover damages for the breach of a contract, express or implied, or a sum payable by the terms of a contract, express or implied, whore the contract was made, executed or delivered within the State, or where the cause of action arose within the State; or (2) where a warrant of attachment, granted in the action, has been actually levied, within that city, upon property of the corporation; or (3) where the summons is served by delivery of a copy thereof, within that city, to an officer of the corporation, as prescribed by law.”
Under the act of Congress of March 3, 1875 (18 Stat. at L. 470; see U. S. R. S. § 739). providing that no civil suit shall be brought in the U. S. circuit court, under the provisions giving concurrent jurisdiction with the State courts “against any person, by any original process or proceeding in any other district than that whereof he is.an inhabitant, or in which he shall be /mind at the time of serving such process,” &c., it was held that a foreign corporation was to bo deemed “found,” for service of process, whenever it had managing agents within the district, transacting business there. Mohr, &c. Distilling Co. v. Insurance Co , 12 Fed. Rep. 474 (See cases on this subject in 12 Abb. N. C. 226, 228, note to Plimpton v. Bigelow). But by act of March 3, 1887, this provision of the act of 1875 has been amended, and the alternative clause, following the wrord “inhabitant,” has been omitted. It may, perhaps, be questioned, however, whether jurisdiction of persons found within the district is not saved from the operation of the repealing clause, because within the jurisdiction “mentioned” in U. S. R. S. § 722, which, by section 5 of the act of 1887, is not to be deemed repealed or affected.
The source of decision upon the questions raised by the successive statutes of this State, is exhibited by the following cases:
Harriott v. N. J. R. R. Trans. Co. (1858), 8 Abb. Pr. 284; s. c., 2 Hilt. 262. Action brought in the N. Y. court of common pleas, by a non-resident of this State against a foreign corporation, for damages *438 for killing a horse at a place without the State, in which defendant had appeared and answered, and one trial had been had, resulting in a disagreement. Held, under Code Pro. §§ 33 and 427, that a motion at the second trial to dismiss .the action for want of jurisdiction, was properly granted; that the appearance and answer only waived the question of jurisdiction so far as it related to the person, and could not confer jurisdiction of the subject-matter.
McCormick v. Pennsylvania R. R. Co. (1872), 49 N. Y. 303. Action in the supreme court by a non-resident of this State, against a foreign railway company for the conversion of baggage; the act complained of being done without this State. Held, that the court had jurisdiction of the subject-matter, and had acquired jurisdiction of the defendant, by its appearing and answering generally in the action, and raising no objection to jurisdiction, until after issue was joined, and the trial commenced; distinguishing the case of Harriott v. N. J. Trans., &c. R. R. Co., 2 Hilt. 262 (above), where the action was brought in the New York court of common pleas, a court confined by Code Pro. § 33, to a cause of action arising in the State, so that it had not in that case jurisdiction of the subject-matter.
The court say: “ We hold that where the court has jurisdiction of the subject-matter, or cause of action, consent may confer jurisdiction of the person, and that such consent- may be expressed by a foreign corporation, by appearing by attorney, and answering generally in the action.”
Landers v. Staten Island R. R. Co. (1873), 53 N. Y. 450. Action for negligence causing death, brought in the city court of Brooklyn, by a resident of Brooklyn, against a corporation having no office, or place of business in Brooklyn, upon a cause of action arising in the county of New York, where, also the summons was served upon the defendant. Held, that the court had no jurisdiction of the cause of action,. or of the defendant; and that the objection to jurisdiction was not waived by the defendant’s appearance in the action, and an answer therein setting up the objection.
Carpentier v. Minturn (1873), 65 Barb. 293. In an action in the supreme court against a foreign corporation-for a cause of action arising within this State (whether plaintiff was a non-resident or not, docs not appear),—Held, that a voluntary and general appearance by the company gave the court jurisdiction of the parties, and cured any irregularity in the service of process ; and that after answering to the merits, the corporation could not object to the want of jurisdiction.
No question as to the court’s jurisdiction of the subject-matter of. the action was raised. The court held that independent of Code Pro., § 427, and under the constitution,- it had jurisdiction of actions against' *439 foreign corporations on contracts made, executed or delivered within this State, or upon any cause of action arising therein in any of the cases specified in the statute of 1849 (L. 1849, c, 107, p. 142),
Redmond v. Hoge (1874), 3 Hum, 171 ; s. c., 5 Supm. Ct. (T. & C.) 386. Action by resident stockholders of a foreign corporation against the depositaries of its funds and property then in this State, who were appointed in proceedings to wind up the company, for the appointment of a receiver of the property to receive and distribute the same among the stockholders. Held, that the supreme court had jurisdiction of such an action, and an order appointing a receiver Was affirmed, it not appearing whether Or not the corporation had appeared in thenetiou, the court holding the fair assumption to be, that the corporation would appear if it had not. to protect its interest in the fund.
Gibbs v. Queen Ins. Co. (1875), 63 N. Y. 114. Action in the supreme . court by a resident of this State against a foreign insurance company upon a policy of insurance issued in this State upon property therein. The summons was served upon an agent, designated by the defendant as the person upon whom service of summons might be made, as required by the statute, as a prerequisite to its doing business in this State. Held, that under the provisions of the Code of Procedure, the court had jurisdiction ; that by consenting in advance to the service l>y appointing an attorney or agent in this State, upon whom service of process might be made, the defendant had submitted itself to the jurisdiction of the State courts.
Coffin v. Chicago, &c. Construction Co. (1875), 67 Barb. 337 ; mem. s. c., 4 Hun, 625. The supreme court has jurisdiction of an action, by a resident plaintiff against a foreign corporation, to procure the sale of certain bonds delivered by the corporation as collateral security for the payment of promissory notes made by it.
Brauneck v. Knickerbocker Life Ins. Co. (1876), 1 Abb. N. C. 393. Action in the city court of Brooklyn, against an insurance company of this State, for damages for fraud in inducing payment of premiums upon a policy. The defendant answered on the merits, raising no question of "jurisdiction. The defendant had no place of business in Brooklyn, and the policy was issued elsewhere. Held, that the court had no jurisdiction of the ease; and that the objection was not waived by answer on the merits, but might be raised at the trial.
This case arose under the statutes relating to the city court of Brooklyn (L. 1870, c. 470; L. 1872, c. 688), which are analogous in this respect to the statutes, affecting all the superior city courts (Code Civ. Pro. §§ 263-267) ; and the principle is also akin to that which is involved, where a foreign corporation appears on service without the State.
*440 Wheelock v. Lee (1878), 5 Abb. N. C. 72. A general appearance by a defendant, sued in a local court,—as, for instance, the city court of Brooklyn,—does not waive his right to object in his answer, that ' the court has no jurisdiction of the subject-matter of the action, if the case is such that the only element of locality which can exist, and the only means by which the cause can be brought within the territorial limits of jurisdiction of the court, as a'local court, is the service of the summons within those limits.
Atlantic, &c. Tel. Co. v. Baltimore, &c. R. R. Co. (1880), 40 Super. Ct. (J. & S.) 877. Action in the superior court of New York city, by a domestic telegraph company, against a foreign railroad corporation, and another domestic telegraph company, to enjoin threatened interference by the railroad company with the telegraph lines of the plaintiff, situated without the State, and for an accounting under an agreement between the parties. The railroad company had a place of business within the city of New York, contracting here for the carriage of passengers and freight, and it appeared that the threatened interference arose out of a scheme arranged and consummated between the railroad company and its co-defendant within the State. Held, that although so far as the object of the action was .to restrain the defendants from taking possession of the plaintiff’s wires and poles, the action was a local one, so that no court of the State had jurisdiction to grant the injunctive relief sought, because no part of the property was within the territorial jurisdiction of the State, yet the court had jurisdiction of the subject-matter of the action, so far as an accounting was prayed for, and so far as relief was sought against the consummation of the negotiations carried on within the State between the co-defendants.
This case contains an exhaustive review of the decisions and the statutes upon the subject involved. The decision was affirmed by the court of appeals, in 87 N. Y. 355, upon the ground that the question of jurisdiction, where the point was doubtful, could not be raised and decided upon a motion to set aside the service of a summons, and without passing upon the main question of jurisdiction.
The court hold that the distinction between local and transitory actions was not entirely overcome in determining the question of jurisdiction by the literal construction of Code Pro., §. 427, then in force, and of Code Civ. Pro., § 263, providing that an action against a foreign corporation may be brought by a resident of this State, or a resident within the territorial jurisdiction of any of the superior city courts, “for any cause of action; ” and that those words must be deemed to mean any cause of action within such jurisdiction of the court as the State had power to confer, and had conferred upon it.
Pope v. Teme Haute Car, &c. Co. .(1881), 87 N. Y. 137; aff'g 24 *441 Him, 238. Action in the supreme court, by a resident of this State, against a foreign corporation, upon contract. Held, that the court acquired jurisdiction by service of a summons upon the defendant’s president, while he was temporarily within this State, for purposes of his own, ,and not in his official capacity, or upon any business of the defendant, and that the motion to set aside the service was properly denied. Compare Childs v. Harris M’f’g Co. (Ct. of App., March, 1887) 11 N. E. Rep. 50.
Direct U. S. Cable Co. v. Dominion Tel. Co. (1881), 84 N. Y. 153; rev’g 22 Hun, 568. Action in the supreme court, by a foreign corporation, against another foreign corporation, and individual defendants residing in this State, upon a contract entered into between the corporations, to restrain a proceeding for arbitration under a clause in the agreement. Held, that the court had jurisdiction to determine the application, that plaintiff, although a foreign corporation, could invoke the jurisdiction of our courts.
Davidsburgh v. Knickerbocker Life Ins. Co. (1882), 90 N. Y. 526. Action in the city court of Brooklyn against a domestic corporation, located, and having its place of business in the city of New York, for damages for fraud in inducing plaintiff to accept a policy of life insurance issued by defendant. The summons was served upon the defendant’s secretary in the city of Brooklyn, where he resided. Defendant appeared generally in the action and answered on the merits, and in no manner before trial raised any question of jurisdiction. At the trial, upon the close of plaintiff's evidence, the court granted a motion by defendant to dismiss the complaint for want of jurisdiction. Held, that as the jurisdiction of that court was local and limited by L. 1870, c. 470, section 2, subd. 6, “to actions against corporations created under the laws of this State, transacting their business within the said city [of Brooklyn] or established by law therein,” the court had no jurisdiction of the subject-matter, and as it could not acquire it by consent, the appearance and answer of the defendant in no way affected its right to the dismissal of the action.
Ervin v. Oregon Ry. & Nav. Co. (1882), 28 Hun, 269 ; aff’g 62 How. Pr. 490. Action in the supreme court by plaintiffs, all of whom, but one, were non-residents of this State, against a foreign corporation. Held, that the complaint was properly dismissed as to the non-resident plaintiffs, upon objection at the trial that the court had no jurisdiction • of the action under Code Civ. Pro. § 1780, allowing an action against a foreign corporation to be maintained by a non-resident in certain specified cases only, not including the case at bar.
The court said that the Code has limited the jurisdiction of the courts, by the section mentioned, to cases only where the action is one to recover *442 damages for the breach of a contract made within the State, or relating to property situate within the State, at the time of the making thereof. The court further said : Although it is claimed by the appellants that the defendants have waived the question of jurisdiction by a general appearance in the action, it is quite clear that the proposition cannot be maintained, because the question of jurisdiction may be interposed at any time ; and in the answer of the defendants it is set out distinctly, as a defense, that the several cansos of action in the complaint set forth did not arise in this State, that the subject-matter of the action is not in the State, and that the court has no jurisdiction of the subject of the action.”
Crowley v. Royal Exchange Shipping Co. (1882), 2 Civ. Pro. R. (Browne), 174. In an action brought in the N. Y. court of common pleas, by a non-resident, against a foreign corporation for personal injuries received without the State,—Held, upon motion to set aside the service of the summons, that the court had no jurisdiction of the action.
Brooks v. N. Y. & Greenwood Lake R. R. Co. (1883), 30 Hun, 47. Action in the supreme court, by a resident of New Jersey, against a New Jersey railroad company for personal injuries occasioned while traveling there on one of defendant’s trains. Defendant appeared and answered, raising no question of jurisdiction until at the close of plaintiff's evidence at the trial, when a motion was made to dismiss upon the ground that the court had no jurisdiction of the action. Held (under Code Pro. § 427), that the cause of action being transitory, the court had jurisdiction of the subject-matter of the action, and had acquired jurisdiction of the defendant by its voluntary submission thereto.
Brooks v. Mexican Construction Co. (1883), 49 Super. Ct. (J. & S.) 234, aff’d, on re-argument, 50 Id. 281. Action brought in the superior court of New York city by joint owners of a vessel, part of whom were non-residents, against a foreign corporation, for an injury by collision with a brig of the defendant, occurring without the State. Upon motion to vacate an attachment,—Held,, under Code Civ. Pro. § 1780, that the court had no jurisdiction of the action, and that the objection to jurisdiction might be taken at any time, although the defendant had appeared generally, and put in an answer in which such objection was not taken; and that the fact that some of the plaintiffs were residents, did not alter the rule.
Toronto Trust Co. v. Chicago, &c. R. R. Co. (1884), 32 Hun, 190. An action between foreign corporations to recover shares of stock, upon the ground of the invalidity of a transfer made within this State, was ■ sustained, the court, upon a motion to set aside service of a summons' upon a director of the defendant, holding that it had jurisdiction under ' Code Civ. Pro. § 1780, subd. 3, over the subject-matter of the cause of action arising out of transactions within the State.
*443 Heenan v. N. Y., West Shore, &c. Ry. Co. (1885), 34 Hun, 602; aff’g 6 Civ. Pro. R. (Browne), 348. Action brought in the county court of Albany, against a railroad company organized under the laws of this State, and having its principal place of business located in the city of New York, for personal injuries caused by defendant’s negligence in operating its railway through Albany county. The summons was served in New York county. The defendant answered and appeared generally in the action, but by its answer raised the question of jurisdiction. Held, that under Gode Gin. Pro. § 341,—by which the question of the residence of a corporation within the county for the purpose of determining the jurisdiction of the county court, depends upon the location of its principal place of business therein, and personal service of a summons within the county,—that the court lacked jurisdiction not merely of the party defendant, but of the subject-matter, and therefore, the defect was not cured by appearance and answer setting up the want of jurisdiction.
See, also, Gilbert v. York (1886), 41 Hun, 595, holding that the complaint in an action in the county court is demurrable, if it does not allege that the defendant is a resident of the county, such residence being essential to give the county court jurisdiction of the subject-matter of the action.
Hann v. Barnegatt, &c. Improvement Co. (1885), 7 Civ. Pro. R. (Browne), 222. Action in the supreme court by a non-resident of this State, against a foreign corporation having a place of business in this State, to compel specific performance of a contract for the conveyance of land situated in another State. Upon a motion to set aside service of summons upon the ground that the court had no jurisdiction of the cause of action,—Held, that under Gode Civ. Pro. § 1780, allowing an action against a foreign corporation by a non-resident when the cause of action arose within the State, except when the action affects the title to real estate situated without the State, the motion should be granted, the court- saying, that under McCormick v. Pennsylvania R. R. Co., 49 N. 7. 303, the defendant’s appearance might operate as a waiver of the question of jurisdiction.
On the question whether Code Civ. Pro. -§-266,—providing that if defendant appears the want of jurisdiction of a superior city court, by reason of the non-existence of any of the facts specified in section 263, is waived, unless pleaded in defense, —repeals, so far as such courts are concerned, the well-settled rule of law still applicable to the supreme'' court, that jurisdiction of the subject-matter cannot be conferred by consent,—see dictum in Popfinger v. Yutte, 102 N. Y. 38; and compare McLean v. St. Paul & Chicago Ry. Co., ante, at p. 426, with Galt v. Provident Savings Bank, ante, p. 431.