(47 Misc. Rep. 471.)

### LEDERER v. LEDERER.

(Supreme Court, Special Term, New York County. June, 1905.)

1. CONTEMPT—ORDER TO SHOW CAUSE—SERVICE ON ATTORNEY.
    In proceedings to punish a contempt, the order to show cause may be served on the attorney of the person charged with the contempt.
    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 155.]

2. SAME—AUTHORITY OF ATTORNEY.
    Where an attorney is authorized to act for defendant on an appeal from an interlocutory judgment, his authority cannot be limited by his client or himself, and he is a proper person on whom to serve rule on the defendant in proceedings for contempt.
    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 155.]

Action by Adele R. Lederer against George W. Lederer. Motion to vacate order to show cause. Denied.

H. A. & C. E. Heydt, for the motion.
Henry Siegrist, Jr., opposed.

BLANCHARD, J. I have considered the opinion rendered by Mr. Justice Clarke in denying the motion to vacate the order to show cause and concur in the views there expressed. Moreover, I am of the opinion that, since the Code of Civil Procedure makes no specific provision as to the method in which the order to show cause shall be served, the usual method of service of papers upon an attorney in an action should prevail. This view seems to be fortified by the terms of section 2273 of the Code, which provides that the order to show cause in contempt proceedings is equivalent to a notice of motion. There can be no question that a notice of motion to the same effect as this order to show cause would have been properly served upon the defendant's attorney.

The affidavit of the defendant's attorney that he has no general authority to act for the defendant in this action outside of the appeal from the interlocutory judgment now pending should not be considered. Having been the attorney for the defendant in the action, he is such attorney for all the purposes of the action. His authority as such attorney cannot be limited by his client, nor by himself. He is either the defendant's attorney, or he is not. If he is not, he should apply to the court for leave to withdraw as the defendant's attorney. Galt v. Provident Sav. Bank, 18 Abb. N. C. 431.

The motion to vacate the order to show cause is denied. Let the motion upon the order to show cause be restored to the calendar for the 16th inst. so that it may be disposed of on the merits. Ordered accordingly.